PAYNE, DIRECTOR GENERAL *v.* WYNNE.

[88 South. 705, No. 21920.]

APPEAL AND ERROR. *Property granted for entire absence of evidence to support verdict in whole or in part.*

Where there is an entire absence of evidence to support the verdict of a jury either as a whole or in part, a new trial should be granted.

APPEAL from circuit court of Carroll county.

HON. T. L. LAMB, Judge.

Action by T. W. Wynne against John Barton Payne, Director General. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*T. C. Catchings* and *Gardner, McGee & Gardner,* for appellants.

*J. W. Conger,* for appellee.

ANDERSON, J., delivered the opinion of the court.

This is a suit begun in the circuit court of Carroll county by the appellee, Wynne, against the Director General operating the Southern Railway Company in Mississippi to recover damages alleged to have been suffered by him growing out of the shipment of a carload of cattle from Webb to Winona, in this state. It is alleged in the declaration that the injury suffered by appellee was the result of delay and rough handling of the carload of cattle in transit. The appellee recovered a judgment for five hundred dollars, from which the appellant prosecutes this appeal.

There is no question as to the liability of the appellant. The sole question is whether or not there was sufficient evidence to support the verdict of the jury. In his declaration the appellant sued for the loss of one cow of the value of seventy-five dollars, one of the value of sixty-five dollars, another of the value of sixty-five dollars, one calf, three-fourths Jersey and one-fourth Holstein of the value of twenty-five dollars all of which he alleged died from injuries received in shipment, and in addition (quoting from the declaration) "that every one of the others were damaged and injured and sorely bruised and ill-treated on said trip; that they have all been in broken down condition since they arrived home;" and this is all that is contained in the declaration as to damage suffered by the appellee, except in concluding he demands judgment in the sum of five hundred dollars.

Stating the evidence on behalf of the appellee most strongly in his favor, it showed substantially the following facts with reference to the injury and damages suffered by him: That the shipment was a carload of cattle composed of twenty-four cows and two calves; that the cows cost him sixty-two dollars and fifty cents per head on an average, and in the contract of shipment he so valued them; that all of the cattle were bruised and injured by rough handling in shipment; that when they arrived at Winona one cow was badly injured and had to be killed; that after he drove the cattle out home, about nine miles, four more of the cows died, making five in all; that the cow that first died, the one that was crippled when the car reached Winona, was worth seventy-five dollars; that another one was injured so that her value was decreased forty dollars, and another was injured so that her value was decreased fifty dollars; that another cow that died was worth sixty-five dollars; that on account of the delay and rough handling in shipment five or six calves were prematurely born and died.

There is no testimony as to the value of the other three cows which died except the evidence of the appellee that they cost him sixty-two dollars and fifty cents each, nor is there any evidence whatever in the record as to the value of the five or six calves that died except the appellee testified that the part Jersey and part Holstein calf that died was worth twenty-five dollars. There is no evidence to show whether the balance of the calves were of the same character as this one, nor whether the other three cows were of like character and quality as the two cows, one of which was shown to be worth seventy-five dollars and the other sixty-five dollars.

On cross-examination the appellee showed the following additional facts: That the carload of cattle arrived at Winona on January 4, 1920. That on arrival there was one cow dead or which soon after arrival had to be killed, and one yearling injured. That the appellee drove the cattle to his home eight or nine miles in the country, and on the

27th of January thereafter, being twenty-three days after the cattle arrived at Winona, he went back to the agent of appellant at Winona and had him to make out a claim as follows:

"Winona, Miss., Jan. 27, 1920.
"Southern Railroad in Mississippi, Dr. to
T. W. Wynne.
To one cow dead in car at Winona ............$65.00
To damage to one yearling ..................... 25.00

Total ..................................$90.00"

That this claim was sent in to appellant, and the appellee, not having received prompt payment, on February 24th thereafter wrote the general freight agent of appellant a letter with reference thereto in which, among other things, he said:

"So I feel like I am just compromising with you when I put my claim in for ninety dollars. If I have to sue for this claim, I will not sue for less than one hundred and fifty dollars; but I must have a settlement at once, or I will sue the company. So please let me have a check not later than March 5th, or on that date I will enter suit."

Not having received payment of the claim for ninety dollars in response to that letter, the appellee, on March 27, 1920, began this suit.

The appellee undertakes to explain why he made out a claim for only ninety dollars and the writing of the letter referred to by showing that at neither of those dates did he know the extent of the damage he had suffered.

The verdict must be supported by the evidence; it cannot rest on mere conjecture. In the first place, in his declaration appellee sued for the death of three cows, two of the value of sixty-five dollars each, and the other of the value of seventy-five dollars, and one calf of the value of twenty-five dollars, aggregating two hundred and thirty

dollars; while the evidence showed that he lost five cows and five or six calves by death, and that two other cows were injured to the extent that one was damaged fifty dollars and the other forty dollars, and, when it comes to the value of the five dead cows and the five or six dead calves, the evidence showed the value of only two of the cows, one seventy-five dollars and the other sixty-five dollars, and the one of the calves twenty-five dollars which made appellee's total proven damages only two hundred and fifty-five dollars. It is true appellee testified that he paid an average of sixty-two dollars and fifty cents for all the cows, but under the law what he paid for them was not sufficient alone to show their value. If it were, however, the evidence would still fall short by something like seventy-five dollars of sustaining a verdict of five hundred dollars; for five cows at sixty-two dollars and fifty cents each, three hundred twelve dollars and fifty cents, and two cows injured, ninety dollars, and one calf dead, twenty-five dollars, aggregate only four hundred twenty-seven dollars and fifty cents.

As it appears to the court, the appellee stated one cause of action in his declaration, and proved another; and in addition the jury returned a verdict for considerably more than the evidence showed appellee was damaged.

The case is reversed for the purpose of the trial of the question of damages alone; the issue of liability having been properly submitted to the jury and determined.

*Reversed and remanded.*