BANKSTON *et al. v.* McKNIGHT *et al.**

(Division B. April 20, 1925.)

[103 So. 807.   No. 24885.]

1. TRIAL. *Submission of issue of quantum meruit unauthorized by evidence.*

There being, under the evidence of both parties, an agreement for a specific commission, and they differing only as to whether it

should be in cash or in the notes of the purchaser, submission of the issue of *quantum meruit* was error.

2. APPEAL AND ERROR.  *Verdict cannot stand when unsupported by evidence.*

Verdict and judgment wholly unsupported by the evidence, which was all that a certain greater amount was due, and conflicted only as to whether it was payable in cash or the notes of a certain person, cannot stand.

3. APPEAL AND ERROR.  *In view of erroneous submission of issue of quantum meruit, verdict held not to involve an implied finding on issue of manner of payment.*

Where, though the evidence was in agreement that a certain amount was due, and the only conflict was whether it was agreed, as.contended by plaintiff, that it was to be paid in cash, or, as claimed by defendant, in notes of the purchaser, there was erroneously submitted the issue of *quantum meruit*, verdict for a smaller amount cannot be considered to involve a finding for plaintiff on the issue of manner of payment, so as to entitle him to judgment for the amount sued for notwithstanding the verdict.

---

*Headnotes 1.  Contracts, 13 C. J., Section 1017; 2. Appeal and Error, 4 C. J., Section 2835; 3.  Appeal and Error, 4 C. J., Section 2728.

APPEAL from circuit court of Tunica county.

HON. W. A. ALCORN, JR., Judge.

Action by R. S. McKnight and another against Lee Bankston and another.  From a judgment for plaintiffs for less than claimed, defendants appeal, and plaintiffs bring cross-appeal.  Affirmed in part, and reversed and remanded in part.

*Dulaney & Jaquess,* for appellants.

I.

APPELLEES RATIFIED CONTRACT BY SUIT AND COULD NOT PLEAD FRAUD.  13 C. J. 624; *Goodall* v. *Stewart,* 65 Miss. 157, 3 So. 257; 6 R. C. L. 635; 2 R. C. L. 759, sec. 18; *Wilson* v. *Hundley,* 96 Va. 96, 70 A. S. R. 837; *Kimball* v. *Cunningham,* 4 Mass. 502, 3 Am. Dec. 230; *Kearney, etc. Co.* v. *Union Pacific Ry. Co.,* 97 Iowa 719, 59 A. S. R. 434.

## II.

· A RECOVERY ON THE QUANTUM MERUIT COUNT NOT PERMITTED BY THE EVIDENCE. *Gibson v. Powell,* 5 Sm. & M. 712; *Morrison* v. *Ives,* 4 Sm. & M. 652; *Fowler* v. *Austin,* 1 Howard (Miss.) 156.; *Railroad Co.* v. *Pressley,* 45 Miss. 66.

## III.

MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT WAS MADE AFTER JUDGMENT ENTERED AND THEREFORE PROPERLY OVERRULED. *State of Miss.* v. *Commercial Bank,* 6 Sm. & M. 218; 15 R. C. L. 608; 33 C. J. 1187.

*Crisler & Crisler,* for appellees.

RECOVERY ON THE QUANTUM MERUIT. Appellants are certainly in no position to complain about any instructions that may have been given authorizing a recovery on the *quantum meruit.* Had the jury followed the evidence as to the reasonable value of services, they would have rendered a verdict for two and one-half times the amount the plaintiffs were suing for.

Moreover, the jury could have taken part of the evidence here and a part there and have arrived at their own conclusion about whether or not the five dollars per acre was actually agreed upon. Certainly, it is clear from the record that the appellants expected Marshall McDonald and S. Roy Crisler to be compensated for their services. And surely no one but the appellees can complain about the amount of the verdict under the *quantum meruit* count, because if the instructions and evidence on this count had been the guide for the jury, they would have received certainly not less than the amount sued for, the evidence showing that the reasonable value of the services was two and one-half times the amount sued for by the plaintiffs.

It is significant that no complaint is made by the appellants as to the form or technical correctness of any

instruction granted the plaintiffs, but the only contention made is that they are not applicable to the case at bar. No authority is cited for this.

## II.

CROSS-APPELLANTS ENTITLED TO FULL AMOUNT SUED FOR. . Appellees requested a peremptory instruction from the court for the full amount sued for, and thereafter moved the court for a judgment for the full amount, notwithstanding the verdict. Both of these motions were overruled, and appellees, cross-appellants herein, assigned the action of the lower court in refusing this peremptory instruction in overruling the motion for the full amount as error.

In the first place, plaintiffs were entitled to a peremptory instruction because the contract relied on by defendants to bar this claim was clearly void and unenforceable, and the evidence clearly showed that the defendants intended that McDonald and Crisler should be compensated for their services. This alleged contract, which sets out that McDonald and Crisler were to take the Cowans' note for three thousand two hundred dollars, being void, the appellees, cross-appellants herein, were clearly entitled to a recovery on the *quantum meruit.* As stated before, the only evidence in the record as to the reasonable value of the services is that these services were worth five per cent of the consideration or twelve dollars and fifty cents per acre, which was two and one-half times the amount the plaintiffs were suing for. On the other hand, McDonald and Crisler testified that they agreed to do the work for five dollars per acre. Under either view of the evidence the plaintiffs were clearly entitled to at least the amount sued for. *Barclay* v. *Hanlan,* 55 Miss. 610.

In conclusion on this point, we call the court's attention to the fact that the verdict of the jury has fully established the liability of the defendants and further establishes the fact that the alleged contract purporting

to obligate McDonald and Crisler to accept the Cowans'
note for three thousand two hundred dollars was pro-
cured through fraud. Under any view of the evidence
the plaintiffs were entitled to a verdict for the amount
sued for.

*Dulaney & Jaquess,* for appellants in reply.

INSTRUCTIONS ON THE QUANTUM MERUIT COUNT. The
instructions based on the *quantum meruit* count were er-
roneous. Both the Bankstons and the real estate agents
testified that there was a definite contract between the
parties, the only difference being as to whether com-
missions were to be paid in cash or notes. No one testi-
fied that there was an agreement to pay whatever might
be the reasonable value of the services nor was there
any testimony from which such a promise could be im-
plied. We cannot tell from the verdict of the jury
whether the jurors believed the Bankstons or believed
the real estate agents. The amount of the verdict could
only have been arrived at by disbelieving all of the wit-
nesses, or by a jury, part of whom believed the witnesses
on one side and part of whom believed the witnesses on
the other. It is apparent that the verdict is a compromise
verdict which settles nothing. It does not establish the
contract as testified to by Crisler and McDonald any more
than it establishes the contract as testified to by the
Bankstons.

We do not reply in detail to the comments of learned
counsel for appellees as to the validity of the written con-
tract because even if the written contract should be ig-
nored the testimony of W. L. Bankston and Lee Bank-
ston was that the verbal contract was for the payment of
commissions by the delivery of notes. Therefore, even
if the written contract were unenforceable or void for
any of the reasons mentioned by counsel for appellees
there was a conflict in the evidence as to how commis-
sions should be paid and a peremptory instruction for
plaintiffs would have been error.

Argued orally by *J. W. Dulaney*, for appellants.

ANDERSON, J., delivered the opinion of the court.

Appellees, R. S. McKnight and John W. Crisler, as assignees of Marshall McDonald and Roy Crisler, real estate brokers, brought this action in the circuit court of Tunica county against the appellants, Mrs. I. P. Bankston and Lee Bankston, for the recovery of three thousand one hundred eleven dollars and sixty cents, commissions for the sale of six hundred twenty-two and thirty-two hundredths acres of land belonging to appellants and sold by said real estate brokers to George L. and J. E. Cowan. There was a trial, verdict, and judgment in favor of appellees in the sum of one thousand nine hundred and twenty-nine dollars and nineteen cents, from which appellants prosecute a direct appeal and appellees a cross-appeal. There were certain material facts in the case which were undisputed. The following is considered a sufficient statement of such facts:

Appellants were the owners of six hundred twenty-two and thirty-two hundredths acres of land in Tunica county. McDonald and Crisler were real estate brokers with whom appellants had said land listed for sale at a price to net them two hundred and twenty dollars per acre. McDonald and Crisler were to have the excess above that price at which they might make sale as their commissions for procuring a purchaser and making sale. McDonald and Crisler, on November 20, 1919, effected a sale of the land to George L. and J. E. Cowan at two hundred and twenty-five dollars per acre. At a later date the sale was consummated. It will be seen therefore that appellants were to receive, at five dollars per acre, commissions which amounted to three thousand one hundred eleven dollars and sixty cents the sum sued for. McDonald and Crisler assigned their claim for commissions in writing to appellees. Appellants refused to pay the same. Thereupon appellees brought this action.

Appellees, contend that the commissions were due in cash by appellants when the sale of the lands was consummated. While appellants contend that, although the commissions were due when the sale was consummated, they were payable, not in money, but in an equal amount of purchase-money note or notes executed by the Cowans to appellants for the balance of the purchase price of the lands. There was no disagreement in the evidence as to the amount of the commissions. Appellees' claim of $3,111.60 was admitted by appellants. The difference between them was whether or not the commissions were payable in money or purchase-money note or notes of the Cowans.

Appellees' amended declaration upon which the trial was had was in two counts. The first count was based upon an express contract, although verbal. It alleged the listing by appellants with McDonald and Crisler of their lands for sale at a net price to appellants of two hundred twenty dollars per acre, the excess at which they might make sale above that price to represent their commissions; that sale was made by McDonald and Crisler to the Cowans and consummated by appellants at two hundred and twenty-five dollars per acre; that therefore appellees' commissions were five dollars per acre on six hundred twenty-two and thirty-two hundredths acres of land, aggregating three thousand one hundred eleven dollars and sixty cents, the amount sued for. The second count was for a *quantum meruit* on an implied contract. It was alleged therein that appellants listed their lands with McDonald and Crisler, real estate brokers, who thereupon became active and spent time and money in trying to effect a sale of the land; that by virtue of their efforts and expenditure of money they effected a sale to the Cowans, which was consummated by appellants, for which services three thousand one hundred eleven dollars and sixty cents would be a reasonable and just compensation, and for which judgment was demanded.

It is not deemed necessary to go further into the pleadings on the part of either appellants or appellees, except to state that appellants defended principally upon the ground that McDonald and Crisler under the contract were not to be paid in cash for their services on consummation of the sale of the lands, but were to be paid in purchase-money note or notes of the Cowans, the purchasers. There was what purported to be a written contract between appellants and McDonald and Crisler, entered into at the time the contract for the sale of the land was made, the 20th of November, 1919, by the terms of which it was provided that the commissions of the latter should be paid in a purchase-money note of the Cowans when the sale should be consummated. Appellees contended that that contract was procured by fraud, and for that reason was not binding on their assignors, McDonald and Crisler, and therefore not binding on them. That was one question submitted to the jury.

Another question submitted to the jury by the pleadings, and the instructions of the court asked and given on behalf of the appellees, was whether there was an implied contract between appellants and McDonald and Crisler, arising out of their dealings with each other with reference to the lands in question, by which the former became bound to pay the latter a reasonable compensation for their services. In other words, there was submitted to the jury at the instance of the appellees the question whether there was an implied contract and liability on *quantum meruit* thereunder.

We are of opinion that the submission of that question to the jury was error, that it was not involved in the case under the evidence, and that it was calculated to and probably did bring about the verdict that was returned by the jury. As stated, the jury returned a verdict for one thousand nine hundred twenty-nine dollars and nineteen cents. There was no evidence whatever to support such a verdict. Both appellants and appellees agreed in their evidence on the amount due; it

was five dollars per acre, aggregating three thousand one hundred eleven dollars and sixty cents. The issue between them was whether or not that amount was payable in money, or the purchase-money note or notes of the Cowans. A judgment wholly unsupported by the evidence will not be permitted to stand.

Appellees on their cross-appeal contend that the verdict of the jury and judgment were in their favor on the question whether their commissions were payable in cash or not; that the jury by their verdict said that the commissions due appellees were to be paid in money and not in the purchase-money note or notes of the Cowans. Appellees, attempting to enforce that theory after verdict, made a motion for a judgment for the full amount sued for notwithstanding the verdict of the jury. This motion was overruled by the trial court. It cannot be said, under the facts of this case and in view of the course of its trial, that the jury determined that issue. There was submitted to them, in two instructions given appellees, the question whether there was an implied contract between McDonald and Crisler and appellants, and, if so, what would be the reasonable value of the former's services. As we have stated, there was no evidence justifying a submission of that question to the jury, because the evidence shows without conflict that there was an express contract, either verbal or in writing, and in either event the commissions of McDonald and Crisler were fixed at three thousand one hundred eleven dollars and sixty cents. It cannot be said, therefore, that the jury did not go off on an issue that was really not involved in the case. They were authorized by the court to do so, and the verdict they returned indicated that they did that very thing.

We hold, therefore, that this is not a case where appellees are entitled to a judgment for the amount sued for notwithstanding the verdict of the jury for a lesser amount. We decide no other questions in the case.

*Affirmed on cross-appeal, and reversed and remanded on direct appeal.*

*Affirmed in part; reversed and remanded in part.*