Brown Oil Tools, Inc., et al. *v.* Schmidt, et al.

No. 42506          January 14, 1963          148 So. 2d 685

*Welch, Gibbes & Graves,* Laurel, for appellants.

*Gartin, Hester & Pickering,* Laurel, for appellees.

RODGERS, J.

This is a damage suit brought by Robert W. Schmidt under the wrongful death statute of Mississippi, individually, and on behalf of his minor son, Robert W. Schmidt, Jr., against George Sokovich and his employer, Brown Oil Tools, Inc. The action arose out of an automobile accident in which Vivian Schmidt, wife and mother of appellees, is said to have lost her life because of the wrongful acts of appellants.

This case was tried in the Circuit Court, Second Judicial District of Jones County, Mississippi. The jury returned a verdict for appellees in the sum of $80,000. Appellants made a motion for a judgment, notwithstanding the verdict. The motion was overruled and a judgment was entered in favor of appellees. Appellants made a motion for a new trial, and when this motion was overruled, they appealed to this Court.

The record revealed that appellee, Robert W. Schmidt, Sr., was a Sergeant in the U. S. Army and was stationed in Japan, and his wife and son were living in Laurel, Mississippi, with her parents. The testimony shows that for sometime before April 15, 1961, she had been having "an affair" with Charles Sokovich, an employee of

Brown Oil Tools, Inc. In fact, she spent the night with Sokovich the night before the accident and she drove him to work on the morning of April 15th. He next saw her at a filling station, and she asked him to permit her to go with him to Thompson Creek, an oil field where Sokovich was directed to do some work, as agent of Brown Oil Tools, Inc. He permitted her to ride with him to his work, and after he had finished work at Thompson Creek, Mrs. Schmidt and Mr. Sokovich took a drink of whiskey from a bottle which she had in her purse. They then drove to the County Line Inn, where they danced and drank intoxicants to such an extent that Charles Sokovich did not remember leaving. Mrs. Schmidt drove the company automobile used by Mr. Sokovich when they left the County Line Inn. A witness driving in a westerly direction towards Laurel stated that he saw the woman (Mrs. Schmidt) driving behind him and that she attempted to pass but that each time she would move back into the line of traffic, when other cars approached from the opposite direction. He stated that the man in the car tried to kiss the woman driver about three-quarters of a mile before the accident occurred. He stated that she finally passed him and had just driven out of sight a short time when he came upon the wrecked car.

Billy Fountain, an eye-witness to the accident, testified that he was standing at Dick Newman's Service Station at the time the automobile driven by Mrs. Schmidt passed the station; it was proceeding in a westerly direction; and the man in the car was "close to the lady." In answer to the question "What happened?", he said "She left the road — the car left the road on the right-hand side just a short distance, then verred back to the left side of the road several yards, she came back across the road, the car did, and run into some pine trees." He also testified that the accident occurred about 150 to 200 yards from where he was standing, and that

he ran immediately to the wrecked automobile. The testimony shows that Mrs. Schmidt died at the scene of the accident. Mr. Sokovich was taken to The Laurel General Hospital and was later moved to the Baptist Hospital in Jackson, Mississippi. The ambulance driver testified that he talked to Sokovich and that he said: "I asked him what happened at the accident and he said he caught hold of the wheel to pull himself up, so far as he knew."

In view of our holding in this case, we deem it necessary to discuss only the first assignment of error, viz: "The trial court should have granted a peremptory instruction, because there is no evidence of negligence on the part of either appellant which proximately caused or contributed to the death of the appellees' decedent."

A motion was made on behalf of each of the appellants for a directed verdict, at the time appellees rested their case, and a written instruction presented by each appellant directing the jury to find for defendants was refused by the trial judge. We are of the opinion that the court erred in refusing to grant a directed verdict in this case for reasons hereinafter set out.

(Hn 1) In reaching a conclusion in this case, we have kept in mind the general rule that in determining whether or not a party is entitled to a directed verdict, the trial judge must look solely to the testimony in behalf of the party against whom the directed verdict is requested. If, after accepting that testimony as true, together with all reasonable, favorable inferences to such party, the testimony can then support a verdict for him, a directed verdict should not be granted. Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126; Thomas v. Williamson, 185 Miss. 83, 187 So. 220.

(Hn 2) Assuming, for the purpose of argument, that Brown Oil Tools, Inc. was negligent in continuing to furnish Charles Sokovich, its employee, an automobile, still, it is not liable for the injury and death of Mrs.

Schmidt unless there was some testimony introduced in the trial of the case showing that Charles Sokovich, its agent, did some negligent act which proximately contributed to the death of the deceased. Rowlands v. Morphis, 158 Miss. 662, 130 So. 906; Martin v. Cazedessus, 130 So. 129 (La. 1930).

(Hn 3) In the case of Phillips v. Delta Motor Lines, Inc., et al., 235 Miss. 1, 108 So. 2d 409-419, this Court quoted from 65 C. J. S., Negligence, Sec. 6, p. 366, as follows: "Injury or damage to the person complaining is an essential element of actionable negligence, since * * * even though an act or omission may be negligent in the colloquial sense because it involves a lack of due care, no cause of action arises therefrom unless the person complaining has been injured in consequence thereof. * * * If the negligent act or omission has resulted in no injury or loss to anyone, it is merely *injuria sine damno,* although it involved violation of a statute or ordinance * * *".

It was pointed out in the case of Petermann, et al. v. Gary, 210 Miss. 438, 49 So. 2d 828, that it was the duty of this Court, not only to determine that the employer, Petermann Brothers, furnished the truck to Foster and permitted him to use the same, when they knew, or from facts known to them should have known, that he used intoxicating liquor to excess, and that he was likely to drive the truck while under its influence, but in addition thereto, the Court must determine that there was sufficient evidence to show that Foster was under the influence of intoxicating liquor, and this fact was the contributing, proximate cause of the accident.

It is admitted that Charles Sokovich was drunk. In fact, he was under the influence of intoxicating liquor to such an extent he did not remember anything which occurred after being at the County Line Inn. However, he was not operating the automobile. What evidence then is there in the record to show that Charles Sokovich

did any negligent act which proximately contributed to the accident and death of Mrs. Schmidt? The testimony of Billy Fountain indicated that for some reason the automobile acted in a very erratic manner at the time of the accident. The only thing he saw with reference to the activity of Mr. Sokovich was that "* * * he was close to the lady." While testifying, the ambulance driver stated that he conversed with Sokovich, as follows: "I asked him what happened at the accident and he said he caught hold of the wheel to pull himself up so far as he knew." He had previously testified that "After she left I talked with Chuck. I asked him what had happened and he said — (objection overruled) Q. What did he say? A. He said he didn't know unless he caught hold of the wheel pulling himself up." .

Without pausing to determine whether or not the statement of Charles Sokovich was inadmissible on the ground that it was an opinion or conclusion, we here assume that it was admissible as a declaration against interest, or, at least, it was admissible within the sound discretion of the trial judge in view of all of the facts and circumstances. Cf. 20 Am. Jur., Evidence, Secs. 548, 550, p. 463. We pass to the more important question as to whether or not this statement, taken with the evidence as to what happened just before the accident, is sufficient to show that negligent acts of Charles Sokovich was the probable cause of the accident.

This Court pointed out in the case of Palmer v. Clarksdale Hospital, 206 Miss. 680, 40 So. 2d 582, that negligence may be shown by circumstantial evidence. The rule is stated in 38 Am. Jur., Negligence, Sec. 333, p. 1032: "* * * Hence, negligence may be inferred from all the facts and attendant circumstances in the case, and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts, a prima facie case is made."

(Hn 4) It is also pointed out in 38 Am. Jur., supra, Sec. 334, p. 1033, that "* * * proximate cause need not be established by the testimony of eyewitnesses, nor by direct or positive evidence, but may be proved by circumstantial evidence; it may be determined from the circumstances of the case. * * * In view of the fact that the burden of proof is upon the plaintiff, such circumstances must be ample and must appear from the evidence. Moreover, the evidence must not leave the causal connection a matter of conjecture; it must be something more than consistent with plaintiff's theory as to how the accident occurred. * * *''

In the case of Wise v. Schneider, 88 So. 662, (Ala. 1921), where it was shown that the driver of an automobile was under the influence of intoxicating liquor at a time when he ran over a pedestrian, a witness was permitted to testify that ''He could have stopped the car by throwing it in reverse.'' Then followed the question '' 'And if he had thrown it in reverse, is it possible that he might have saved the boy's life?', to which the witness answered 'He could have; I don't say he could have kept from hitting him, but he could have stopped the car sooner than he did.' '' The Court pointed out that the question was manifestly improper, since it called for pure speculation or conjecture on the part of the witness. The statement in that case was not made by defendant. Nevertheless, it would be speculation to accept as a fact a statement as to what might have occurred. We are of the opinion that the statement of defendant Sokovich was not an admission that he caused the accident by catching the wheel to pull himself up but rather it was possible he caught the wheel, as far as he knew. Lanham v. Wright, 164 Miss. 1, 142 So. 5.

In the case of I. C. R. R. Company v. Crawford, 244 Miss. 300, 143 So. 2d 427, we said: ''This Court does not adhere to the 'scintilla of evidence rule', but has

adopted the more modern rule. The modern rule is expressed by the textwriter in 53 Am. Jur., Trial, Sec. 176, p. 152, as follows: ''* * * an issue should not be submitted to the jury where there is only a scintilla of evidence, where the testimony barely raises a conjecture in support of the view sought to be established, or where there is no substantial evidence.'' (Citing many cases.) See also Larry v. Moody, 242 Miss. 267, 134 So. 2d 462.

(Hn 5) This Court will not sustain a judgment based upon a jury verdict, wholly unsupported by evidence. Payne v. Wynne, 126 Miss. 271, 88 So. 705; Bankston v. McKnight, 139 Miss. 116, 103 So. 807.

(Hn 6) We are of the opinion that the testimony which was offered to show negligence on the part of Charles Sokovich is not sufficient evidence to take the case out of the realm of conjecture, and bring it within the field of legitimate inference from the facts established, to show that Charles Sokovich caused, or contributed to the proximate cause, of the accident. The request for a directed verdict should have been granted.

The judgment of the lower court will therefore be reversed, and a judgment entered here in favor of appellants.

Reversed and judgment here for appellants.

*McGehee, C. J., and Kyle, Ethridge and Gillespie, JJ.,* concur.