RODGERS, Presiding Justice.
This is a personal injury suit growing out of an automobile accident in which the plaintiff was permanently and seriously injured. The plaintiff, Alvin Ford, hereafter called the appellee, brought suit against Tom Johnston, the driver of a large commercial truck belonging to Colonial Fast Freight Lines, Inc., and Colonial Fast Freight Lines, Inc., hereafter called the appellants, and Sheriff Lagrone Nunley of Carroll County, who was appointed and *783 acting administrator of the estate of Tim-mie Thomas, deceased, who lost his life in the automobile accident.
The case was tried at the November 1970 term of the Circuit Court of Webster County, Mississippi, and resulted in a judgment in favor of the appellee against all of the defendants, jointly in the sum of thirty thousand dollars ($30,000.00). The administrator of Timmie Thomas’ estate, La-grone Nunley, suffered judgment by default, and has made no appeal to this Court. Appellants Tom Johnston and Colonial Fast Freight Lines, Inc., have appealed and now contend, among other things, that the trial court committed error in refusing to grant their requested peremptory instruction directing the jury to return a verdict in their favor.
We have meticulously examined the record in this case and after having heard the arguments and having studied the authorities presented by the briefs, we are convinced that the facts here presented are so cogent as to require this Court to hold that the trial court should have granted the instruction for a directed verdict in favor of appellants. If it could be said that there is any evidence in this record indicating the slightest degree of negligence on the part of the driver of the truck for appellants, the testimony to the contrary is so overwhelming as to require this Court to hold that a judgment against appellants is against the overwhelming weight of the evidence, but there is no such evidence. There is very little conflicting testimony in this record. This is what is said to have occurred.
On January 18, 1968, at about 8:00 in the evening, the appellant, Tom Johnston, was driving a large truck and trailer belonging to the appellant Colonial Fast Freight Lines, Inc. in an easterly direction along highway 82 between Greenwood and Wi-nona, Mississippi. He reached a point on highway 82 approximately three miles east of Carrollton, Mississippi, near where highway 82 is intersected by a gravel road sometimes called Blue Flame Road. Highway 82 is a two-lane concrete road running generally east and west. Blue Flame Road is a gravel road running generally north and south. Highway 82 traverses very hilly terrain, and these two roads intersect at the top of a hill.
The appellant Tom Johnston was driving at a speed of approximately 45 to 50 miles per hour on the south side of highway 82. He saw lights of an automobile approaching from the back of his truck traveling east at a very rapid rate of speed. At the same time he saw automobile lights meeting him traveling in a westerly direction. He realized that the automobile approaching from behind his truck would either strike the back of his truck or would pass him in the lane to his left. He testified that he knew “something had to give,” so he turned his truck to the right, gradually leaving the highway, and crossed the intersection of Blue Flame Road. In the meantime, the automobile approaching from behind him turned into the north lane of traffic, meeting the automobile approaching from the east in a head-on collision. The automobiles ran together at the intersection of the gravel road. The driver of the truck stopped his truck and went back to the two automobiles. He secured flares from his truck and used a flashlight to warn other approaching traffic. He asked a passing automobile driver to notify the police.
Timmie Thomas, the driver of the automobile that attempted to pass the truck in the lane to its left, was killed instantly.
The appellee, Alvin Ford, was driving the automobile traveling west at the time of the accident. His friend, George Draine, was the owner of the car. Ford and Draine testified that as they came over the hill going west they met two cars coming up the hill, one on the left and the other on the right. They testified that these cars were “hooked together” and that the truck was driving about eighteen (18) inches over the center line on their side of the road.
*784 Pictures of the truck and automobiles were taken by Highway Patrolman R. L. Scruggs and introduced into evidence. These pictures revealed that the two automobiles collided at or near their left front lights. The back of the automobile driven by Timmie Thomas, who attempted to pass the truck, was also damaged in the rear. The testimony revealed that there were slight black paint marks on the truck near the left rear wheels of the truck trailer. Patrolman Scruggs and Sheriff Nunley testified that the truck tracks led gradually off of the road to the place where the truck was parked. Patrolman Scruggs testified that the appellee told him at the scene of the accident that the truck was traveling in its proper lane at the time of the accident. Written statements of appel-lee, Ford, and the owner of the automobile, George Draine, were taken by insurance adjusters, and these statements were offered in evidence. These signed statements revealed that the truck was in its proper lane of traffic at the time of the accident. The truck driver did not know whether or not the passing automobile “rubbed against” his truck or not. He said he did not feel any contact against his truck.
If we assume, then, that the testimony of the appellee Ford and George Draine was true, they could see that the truck driven by appellant was eighteen (18) inches over the center line and that the truck and passing automobile were “hung up.” There is no evidence to show that the truck driver was negligent in causing the automobile to be “hung up”, and in traveling over the center line eighteen (18) inches.
The sketch of the accident drawn by the appellee showing the highway and the vehicles shows that the right back of the passing automobile was touching the center of the trailer and indicates that the passing automobile was attempting to pass the truck on the left at the time of the collision with the appellee.
We are of the opinion that the evidence in this case does not show that the appellant Tom Johnston caused or contributed to the cause of the collision between the automobile of appellee Alvin Ford and the automobile driven by Timmie Thomas and appellants are, therefore, not liable for the injury to the appellee resulting from the accident. It is apparent from this record that the sole proximate cause of the accident was Timmie Thomas’ negligent operation of his automobile in attempting to pass appellant, Johnston, at the crest of the hill.
In the case of Brown Oil Tools, Inc. v. Schmidt, 246 Miss. 238, 247, 148 So.2d 685, 688 (1963) we quoted 38 Am.Jur. Negligence, § 333, p. 1033 (1941) and said:
“ ‘. . . [T]he evidence must not leave the causal connection a matter of conjecture; it must be something more than consistent with plaintiff’s theory as to how the accident occurred.’ ”
See also: Bankston v. McKnight, 139 Miss. 116, 103 So. 807 (1925) and Payne v. Wynne, 126 Miss. 271, 88 So. 705 (1921).
The judgment of the Circuit Court is, therefore, reversed as to the appellants Tom Johnston and Colonial Fast Freight Lines, Inc.
Judgment reversed and judgment rendered in favor of the appellants.
JONES, BRADY, PATTERSON and SMITH, JJ., concur.