LAMAR, Justice,
for the Court:
¶ 1. Edna Phillips filed suit against Tich K. Huynh, d/b/a Elegant Nails Salon, in the Circuit Court of Simpson County, asserting negligence in operation, negligence in maintenance, and gross negligence *1261 against Elegant Nails based upon a corneal abrasion Phillips allegedly sustained when “something” hit her in the eye while she was having acrylic nails applied at Elegant Nails. Elegant Nails twice moved for summary judgment and twice was denied; we granted Elegant Nails’s petition for interlocutory appeal from the second denial. Finding Phillips has not produced sufficient evidence to survive Elegant Nails’ motion for summary judgment, we reverse the judgment of the circuit court and render judgment in favor of Elegant Nails.
FACTS
¶ 2. On October 7, 2006, Phillips, a resident of Prentiss, Mississippi, went to Elegant Nails to have a new set of acrylic nails put on. After the acrylic nails were applied, the employee[1] attending to Phillips then began running a piece of equipment to “buff’ the edges of the newly applied nails to make them smoother. Phillips alleges that at some point during the buffing process, “something just all of a sudden went into my eye,” causing a scratch to her cornea. However, Phillips testified that she did not know where the “something” came from and was not able to identify the “something” that caused her injury.
¶ 3. Although Phillips sought treatment for her eye injury, the treating physicians did not find anything in her eye that could have caused the scratch. Phillips has not identified what she alleges hit her eye or how she believes her injury occurred, nor has she produced any evidence of how her injury occurred.
PROCEDURAL HISTORY
¶ 4. Phillips brought suit against Elegant Nails, asserting that she had suffered various damages as the result of Elegant Nails’ alleged negligence in operation, negligence in maintenance, and gross negligence relating to her eye injury. Elegant Nails thereafter moved for summary judgment, arguing that Phillips had no proof of exactly how her injury occurred and could not make a prima facie case for any of the negligence claims. A hearing was held on Elegant Nails’ motion before the interim circuit court judge. During oral argument, counsel for Phillips argued, for the first time, the theory of res ipsa loquitur. The interim circuit court judge denied Elegant Nails’ motion for summary judgment, in part because the defendants had not fully responded to plaintiffs discovery.
¶ 5. Upon election of the new circuit court judge, Elegant Nails renewed its motion for summary judgment. The circuit court denied the motion without oral argument on the theory of res ipsa loqui-tur. Elegant Nails filed a petition for interlocutory appeal, which we granted.
STANDARD OF REVIEW
¶ 6. We review the grant or denial of summary judgment de novo.[2] We apply the same standard as that of the circuit court under Rule 56(c) of the Mississippi Rules of Civil Procedure:
summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3]
*1262 The burden rests on the movant to show there are no genuine issues of material fact.[4] However, to survive summary judgment, “the party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth specific facts showing there is a genuine issue for trial.”[5]
ANALYSIS
I. Was Elegant Nails’ motion for summary judgment properly denied on the ground of res ipsa loquitur ?
¶ 7. Res ipsa loquitur applies, and a rebuttable presumption of negligence arises, when a plaintiff shows the following elements:
1) the instrumentality causing the damage was under the exclusive control of the defendant,
2) the occurrence was such that in the ordinary course of things it would not have happened if those in control of the instrumentality used proper care, and
3) the occurrence was not due to any voluntary act on the part of the plaintiff.[6]
However, it has been held that, “in order to invoke the doctrine of res ipsa loquitur, the plaintiff must establish the thing that caused the injury.”[7]
¶ 8. In the present case, Phillips puts forth no evidence of what “instrumentality” caused her injury or how specifically she was injured. Phillips merely identifies where she was when the incident occurred and at what point in the process of getting the new nails “something” hit her eye. Phillips provides no evidence that the buffer, or any other instrumentality, caused the eye injury. Phillips also fails to offer any evidence that the “something” that hit her eye, allegedly causing her eye injury, ordinarily would not have hit her eye had Elegant Nails used proper care in operating the buffer. Therefore, we find that the evidence offered by Phillips is not sufficient to raise a presumption of negligence under a theory of res ipsa loquitur, and Elegant Nails’ motion for summary judgment should not have been denied on this ground.
II. Should Elegant Nails’ motion for summary judgment have been granted on Phillips’s negligence and gross negligence claims?
¶ 9. It is well settled that to prevail on a negligence claim, a plaintiff must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages.[8] Summary judgment is appropriate where the nonmoving party cannot make a prima facie showing of all of the elements of his or her claim.[9] Phillips cannot survive a motion for summary judgment without more than mere allegations of negligence.[10]
A. Duty and Breach
¶ 10. Duty and breach are essential elements of a negligence claim which *1263 must be shown by a preponderance of the evidence before any other elements.[11] The parties do not dispute that, as a business invitee, Phillips was owed the duty of reasonable or ordinary care.
¶ 11. Phillips asserts Elegant Nails’ negligent operation of and negligent failure to properly maintain the manicure equipment “led to the piece of fingernail striking Ms. Phillips in the eye.” However, Phillips has failed to come forward with any evidence indicating exactly what hit her eye or how Elegant Nails breached the duty of ordinary care owed to her; nor does she allege any specific act or omission by Elegant Nails that would show Elegant Nails negligently operated or maintained any part of its tools or salon. Phillips merely alleges that because “something” hit her eye when an employee used the nail buffer, it must be the salon’s fault. Without more, Phillips cannot show any genuine issue of material fact relating to Elegant Nails’ duty or alleged breach of that duty, and cannot survive summary judgment.
B. Causation
¶ 12. Even though we find that Phillips has produced no evidence that Elegant Nails breached any duty it owed her, we also address the necessary element of causation. For Phillips to prevail on her negligence claims against Elegant Nails, Phillips must show that the negligence of Elegant Nails was the proximate cause of the injury. We have held proximate cause requires the plaintiff to show that the defendant’s conduct was the cause in fact and the legal cause of the plaintiffs injury.[12] Cause in fact means that, but for the defendant’s negligence, the injury would not have occurred.[13] After cause in fact has been established, negligence will be deemed the legal cause if the injury “is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act.”[14]
¶ IB. Phillips asserts Elegant Nails’ negligent operation of the nail buffer was the proximate cause of her injury. In her deposition, however, Phillips testified as follows:
Q: Tell me what happened.
A: .... They cut them and then they started using the machine to, I guess, round them off or whatever. And something all of a sudden went in my eye.
[[Image here]]
Q: Before they put the acrylic on.
A: Yes.
Q: And is that the point when the incident occurred?
A: Yes. I can’t tell you what finger they are [sic] on. We might have been about halfway through, you know. I really don’t know.
Q: Did you ever recover anything that flew into your eye?
A: No.
Q: Do you know what flew into your eye?
A: No.
The only support Phillips offers for her argument for causation is Berry v. Brunt, 252 Miss. 194, 172 So.2d 898 (1965), which she argues supports the proposition that proximate cause can be inferred in the absence of direct evidence from the cir *1264 cumstances of the case.[15] However, we further held in Berry:
[I]n order to establish an allegation of negligence based upon circumstances, inferences and acts of a defendant in the nature of admissions, the proof of circumstances must be such that they will take the case out of the realm of conjecture and place it within the field of a legitimate inference of liability.[16]
We continued:
In view of the fact that the burden of proof is upon the plaintiff, such circumstances must be ample and must appear from the evidence. Moreover, the evidence must not leave the causal connection a matter of conjecture; it must be something more than consistent with the plaintiffs theory as to how the accident occurred.[17]
¶ 14. As previously stated, Phillips offers no evidence supporting her claims that the negligent operation and maintenance were the proximate cause of her alleged injury. In fact, Phillips testified that she does not know what hit her eye, where the alleged object that hit her eye originated, or how any equipment was negligently maintained or operated. Therefore, there is no circumstantial evidence from which a jury could infer causation. Without proof that the negligence of the defendant was the cause in fact and legal cause of the plaintiffs alleged injury, the defendant cannot be held liable.[18] Although this element is generally a question for the jury, Couch v. City of D’Iberville, 656 So.2d 146, 151 (Miss.1995), we find that Phillips has not submitted sufficient evidence to support a legitimate inference of liability.
CONCLUSION
¶ 15. We find that Elegant Nails’ motion for summary judgment should have been granted on all claims. Phillips twice responded to Elegant Nails’ summary judgment motion with nothing more than mere allegations and legal conclusions. Without more, her claims of negligence, gross negligence and res ipsa loquitur are without merit. Therefore, we reverse the judgment of the Circuit Court of Simpson County and render judgment in favor of Elegant Nails.
¶ 16. REVERSED AND RENDERED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

.Phillips does not know the name of the employee who applied her nails.

.Estate of Guillotte ex rel. Jordan v. Delta Health Group, Inc., 5 So.3d 393, 396 (Miss.2009).

.Miss. R. Civ. P. 56(c).

. Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002 (Miss.2001).

. Mid-S. Retina, LLC v. Conner, 72 So.3d 1048, 1056 (Miss.2011) (quoting Whiting v. Univ. S. Miss., 62 So.3d 907, 914 (Miss.2011)).

. Coleman v. Rice, 706 So.2d 696, 698 (Miss.1997).

. 65A C.J.S. Negligence § 867 (2012) (emphasis added).

. S.C. Ins. Co. v. Keymon, 974 So.2d 226, 231 (Miss.2008).

. Buckel v. Chaney, 47 So.3d 148, 153 (Miss.2010).

. Mid-South Retina, 72 So.3d at 1056.

. Strantz v. Pinion, 652 So.2d 738, 742 (Miss.1995).

. Glover ex rel. Glover v. Jackson State Univ., 968 So.2d 1267, 1277 (Miss.2007).

. Id.

. Id.

. Id. at 200, 172 So.2d 398 (citing Brown Oil Tools, Inc. v. Schmidt, 246 Miss. 238, 148 So.2d 685 (1963)).

. Id.

. Id. (citations omitted).

. Glover, 968 So.2d at 1277.