¶ 1. Lisa Bonner sued William E. McCormick and the City of Hattiesburg, Mississippi (City) under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 through 11-46-23 (Supp. 2001), for damages arising from an automobile accident. On June 26, 2001, the Forrest County Circuit Court entered an order for summary judgment in favor of McCormick and the City. Bonner appeals to this Court asserting that the trial court erred in its grant of summary judgment. Finding no error, we affirm.
 FACTS
¶ 2. McCormick was a police officer employed by the City. On October 12, while on duty, and pursuant to his official duties, he was driving a police car to have it serviced. Bonner was stopped at a traffic light, behind another vehicle, and McCormick was stopped behind Bonner. When the traffic light turned green, the vehicles began moving through the intersection. However, for some unknown reason, the vehicle in front of Bonner stopped, which caused Bonner to stop her vehicle, and McCormick's vehicle then struck Bonner's vehicle in the rear.
 DISCUSSION 1. WHETHER A MATERIAL FACT WAS IN DISPUTE THAT PRECLUDES SUMMARY JUDGMENT.
¶ 3. This Court reviews de novo the grant or denial of summary judgment. *Page 41 Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 661 (Miss. 1994). That de novo review includes looking at the evidentiary matters and viewing them in the light most favorable to the party against whom the motion has been made. Id. The movant has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, and any doubt as to the existence of an issue of fact is resolved in the favor of the non-moving party. Danielsv. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993).
¶ 4. This action was pled under Mississippi's Tort Claims Act. The trial court found that McCormick's actions were exempt from same under Section 11-46-9(1)(c) of that Act, which provides:
 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim
 * * * * (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard for the safety and well-being of any person not engaged in criminal activity at the time of injury. . . .
¶ 5. Because McCormick was a police officer, performing matters within the course and scope of his employment, the legislature had limited liability to those circumstances when he was acting in reckless disregard for the safety of persons not engaged in criminal activities.
¶ 6. Bonner has clearly established that she was not someone engaged in criminal conduct. However she must also establish that McCormick acted with reckless disregard for her rights. Reckless disregard requires more than a showing of mere negligence. Turnerv. Ruleville 735 So.2d 226 (¶ 18) (Miss. 1999).
¶ 7. The Mississippi Supreme Court has noted that "reckless disregard embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." Id.
¶ 8. Bonner's complaint merely charges McCormick with negligence, and is therefore precluded by Section 11-46-9.
¶ 9. Bonner attempted to avoid the Section 11-46-9 immunity problem by offering, on the day the Court heard Defendant's motion for summary judgment, an affidavit stating:
 1. I, Lisa Bonner, an adult resident citizen of Hattiesburg, Forrest County, Mississippi.
 2. On or about August 25, 1999, I was involved in an automobile accident with the Officer William E. McCormick of the Hattiesburg Police Department.
 3. I was stopped behind one vehicle at the intersection of North Main and West Pine in Hattiesburg, Mississippi. When the light turned green, the vehicle in front of me started moving forward through the intersection, and I began driving forward as well. The vehicle in front of me stopped, and then I stopped. When I stopped, a vehicle behind me suddenly and violently crashed into the rear of my vehicle. This vehicle was being driven by Officer McCormick. At no time did my vehicle make contact with the vehicle in front of me.
 4. I was not committing a criminal act and was acting as any reasonable prudent driver would have acted by stopping when the vehicle in front of me stopped. Officer McCormick exhibited a reckless disregard for the safety and well-being of others when he slammed into me from behind. *Page 42 
¶ 10. The trial court declined to accept Bonner's affidavit. A careful reading of the affidavit indicates it would have not impacted the outcome of this case. The affidavit offers the conclusion that McCormick exhibited a reckless disregard for the safety and well being of others; it offers no facts to support that conclusion. Mere conclusory allegations are insufficient to defeat a motion for summary judgment.McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968 (¶ 17) (Miss. 2001).
¶ 11. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED.APPELLANT IS ASSESSED ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR.