856 So.2d 548 (2003)
Sheila JOSEPH, Issac Joseph and Donna Thomas, Appellants,
v.
THE CITY OF MOSS POINT, a Body Politic; and Garlon P. Cole, in his Representative Capacity, Appellees.
No. 2002-CA-00872-COA.
Court of Appeals of Mississippi.
May 13, 2003.
Rehearing Denied August 26, 2003.
*549 Bradley Wade Rath, Memphis, TN, Russell S. Gill, Biloxi, attorneys for appellant.
Nathaniel A. Bosio, Mobile, AL, Robert W. Wilkinson, Pascagoula, John B. Edwards, II, Jackson, attorneys for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the court.
¶ 1. On March 19, 1999, driver Sheila Joseph, her husband Isaac Joseph, Donna Thomas and Larry Patterson were in a car stopped at a traffic light when they were hit from behind by Moss Point Police Officer Garlon Cole, who was driving his patrol car. Sheila Joseph and her passengers were injured in the collision, and they sued the City of Moss Point and Officer Cole in his official capacity for driving recklessly.[1]
¶ 2. On May 6, 2002, at the close of the appellants' case-in-chief, the Jackson County Circuit Court dismissed the case, finding the appellants had failed to show that the officer's actions rose to the level of reckless disregard of the safety and well being of others. On appeal, the appellants argue that the trial court erred in dismissing their case. We review the arguments and find no error; thus, we affirm.

*550 DISCUSSION

I. DID THE TRIAL COURT ERR IN DISMISSING THE APPELLANT'S CASE?
¶ 3. The trial judge dismissed this case pursuant to M.R.C.P. 41(b) at the close of the appellants' case-in-chief for failure to show a right to relief.
In considering a motion to dismiss, the judge should consider "the evidence fairly, as distinguished from in the light most favorable to the plaintiff," and the judge should dismiss the case if it would find for the defendant. "The court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiff's evidence were all the evidence offered in the case." "This Court applies the substantial evidence/manifest error standards to an appeal of a grant or denial of a motion to dismiss pursuant to M.R.C.P. 41(b)."
Stewart v. Merchants Nat'l Bank, 700 So.2d 255, 259 (Miss.1997) (citations omitted).
¶ 4. The appellants argue that Officer Cole's reckless actions did not fall under the Mississippi Tort Claims Act and, thus, he was not immune from liability. The relevant statute which is part of the Tort Claims Act states:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury....
Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002).
¶ 5. In this case, Officer Cole testified that he was stopped at a traffic light in Moss Point, and directly in front of him, the appellants' car was stopped at the same light. The lane to the left was a left turn lane. Officer Cole explained that while he was stopped, he was reading a warrant in his hand. Out of his peripheral vision, he notice the cars to the left of him moving, and at that point he instinctively took his foot from the brake and applied it to the gas pedal. He looked up to see that the appellants' car was not moving, and he slammed on his brakes, but ended up bumping the rear of the appellants' car. The appellants claim that Officer Cole's act of not paying attention was reckless and, thus, he was not immune from liability under the Tort Claims Act.
¶ 6. In Turner v. City of Ruleville, 735 So.2d 226 (¶ 2) (Miss.1999), Turner was injured when the car in which she was a passenger collided with a car being operated by a drunk driver. Turner sued the City of Ruleville, complaining that just prior to the accident the drunk driver had been stopped by a Ruleville police officer who found him to be driving without a valid driver's license, driving while visibly intoxicated, operating the vehicle in an erratic fashion and driving without his headlights on. Id. Turner specifically alleged that although the officer knew that Smith was intoxicated and incapable of driving his vehicle in a safe and prudent manner, he allowed Smith to continue driving, which constituted reckless disregard for her safety as a fellow traveler. Id. The supreme court found that the term "reckless disregard" as used in Miss.Code Ann. § 11-46-9(1)(c) embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act. Id. at (¶ 19). In reversing the trial court's *551 dismissal, the supreme court found that the officer's willful disregard for the safety of others was synonymous with willfulness and wantonness. Id. at (¶ 21).
¶ 7. In Maye v. Pearl River County, 758 So.2d 391 (Miss.1999), a deputy was backing out of a driveway which was below street level. Id. at (¶ 2). The deputy checked his rearview mirrors, but was unable to see if the way was clear. Id. at (¶ 3). He preceded to back up when he collided with another vehicle. Id. The other driver testified that she saw the car coming towards her, put her foot on her brake and honked at him, but to no avail. Id. at (¶ 4). The supreme court found the officer acted with conscious indifference to the consequences when he backed out knowing he could not see what was behind him, and this constituted reckless disregard such that he was not immune from liability. Id. at (¶¶ 21-22).
¶ 8. In Maldonado v. Kelly, 768 So.2d 906(¶ 2) (Miss.2000), the police officer approached a dangerous intersection, stopped, looked both ways, then proceeded. His view, however, was partially obstructed, and when he entered the intersection he hit another vehicle. Id. at (¶ 3). The supreme court reversed the trial court and found no indication that the officer acted with deliberate disregard to the consequences of attempting to cross the intersection, but, to the contrary, took steps to ensure it was safe to cross. Id. at (¶ 12).
¶ 9. The facts of the present case show that Officer Cole was remiss in paying attention to traffic directly in his lane, but that his reaction in prematurely moving forward was more of a reflex in response to his seeing traffic to the side moving than a blatant exhibition of recklessness. As the judge found, Officer Cole was guilty of simple negligence and nothing more, which kept him under the immunity umbrella of the Tort Claims Act. When we view the facts of the present case with the supreme court's findings in similar cases, we find that Officer Cole's actions, too, evince no recklessness. Thus, we cannot find the trial judge was erroneous in granting the motion to dismiss.
¶ 10. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Patterson's action has already been resolved, so he is not a party to this case.