922 So.2d 48 (2006)
Iris S. JACKSON, Appellant
v.
George PAYNE, in his Official Capacity as the Sheriff of Harrison County, Mississippi, and the Board of Supervisors for Harrison County, Mississippi, Appellee.
No. 2005-CA-00291-COA.
Court of Appeals of Mississippi.
February 21, 2006.
*49 Chester D. Nicholson, Gulfport, Gail D. Nicholson, attorneys for appellant.
Bobby R. Long, Jackson, Cy Faneca, Karen J. Young, Yorktown Heights, NY, attorneys for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. On or about July 25, 2001, Iris Jackson was injured when Sean O'Neill, a deputy driving a sheriff's department vehicle, struck her vehicle in the rear. On June 19, 2002, Jackson filed her complaint in the County Court of Harrison County against both the Harrison County Sheriff George Payne and the Harrison County Board of Supervisors. Both Payne and Harrison County timely answered Jackson's complaint *50 asserting sovereign immunity under Mississippi Code Annotated § 11-46-1 (Supp.2005). On January 10, 2003, Jackson filed her amended complaint, which included pleading that O'Neill's acts were reckless and a disregard for the rights of citizens, in an effort to overcome immunity which the Mississippi Tort Claims Act (MTCA) provides for in Mississippi Code Annotated § 11-46-1. On May 9, 2003, Harrison County County Court granted summary judgment and the case was dismissed. Jackson filed her notice of appeal to the Circuit Court of Harrison County on May 19, 2003, and on January 12, 2005, the circuit court affirmed. Aggrieved by the judgments of the county court and circuit court, Jackson appeals to this Court raising the following two issues:
I. THE COUNTY AND CIRCUIT COURT ERRED IN FINDING THAT THE DOCTRINE OF SOVEREIGN IMMUNITY BARRED SUIT AGAINST THE SHERIFF'S DEPARTMENT AND THE DEPUTY INASMUCH AS MISS. CODE ANN. § 19-25-19 IS A SPECIFIC WAIVER OF IMMUNITY FOR THE SHERIFF'S DEPARTMENT, TO INCLUDE THE SHERIFF AND HIS DEPUTIES, AND WAS NOT REPEALED BY THE BROADER TORT CLAIMS ACT.
II. EVEN IF MISS. CODE ANN. § 19-25-19 DOES NOT OPERATE TO WAIVE SOVEREIGN IMMUNITY, THE LEGISLATURE DID NOT INTEND TO IMMUNIZE LAW ENFORCEMENT EMPLOYEES WHO COMMIT MISDEMEANOR VIOLATIONS OF THE RULES OF THE ROAD IN NON-EMERGENCY SITUATIONS FROM CIVIL LIABILITY UNDER THE TORT CLAIMS ACT, MISS. CODE ANN. § 11-46-1 ET SEQ. SUCH A CONSTRUCTION WOULD BE VIOLATE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND TO ARTICLE 3, SECTION 14 OF THE MISSISSIPPI STATE CONSTITUTION.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On or about July 25, 2001, Iris Jackson was operating her 1996 Ford Taurus automobile east on Pass Road in Harrison County around noon. Jackson slowed her vehicle because there had been an automobile accident in front of her. As Jackson slowed her vehicle, Sean O'Neill, a deputy driving a sheriff's department vehicle, struck her vehicle in the rear. As a result of this accident, Jackson claims to have suffered damages such as medical expenses and the like. O'Neill was a deputy sheriff in the course and scope of his employment. On June 19, 2002, Jackson filed her complaint in the County Court of Harrison County against both the Harrison County Sheriff George Payne and the Harrison County Board of Supervisors pleading such things as: following too close, failing to keep proper look-out and traveling too fast, all of which amount to negligence. Both Payne and Harrison County timely answered Jackson's complaint asserting immunity under Mississippi Code Annotated § 11-46-1 et seq (Supp.2005). On November 4, 2002, Jackson moved to amend her complaint and an agreed order to amend was entered on January 10, 2003.
¶ 4. On January 10, 2003, Jackson filed her amended complaint, which included pleading that O'Neill's acts were reckless and a disregard for the rights of citizens, in an effort to overcome immunity which the MTCA provides for in Mississippi Code Annotated § 11-46-1, and goes further to rely upon Mississippi Code Annotated § 19-25-19 (Rev.2003) in order to be *51 granted relief. Both Payne and the county timely filed an answer asserting that Mississippi Code Annotated § 19-25-19 (Rev.2003) does not control over the MTCA and only imposes liability on the sheriff when the deputy's actions are not immune under the MTCA. They further stated that Jackson's complaint is subject to the exclusive remedy provided in Mississippi Code Annotated § 11-46-7, and they made a motion to dismiss. On March 31, 2003, Jackson filed a brief in opposition to the defendants's motion for summary judgment and also a motion for leave to again amend her complaint alleging that O'Neill engaged in criminal conduct and to increase the demand of damages to the jurisdictional limit of county court. Payne timely filed a response to such motion which the county later joined. On May 9, 2003, the Harrison County County Court granted defendant's motion for summary judgment and Jackson's motions were denied. The court's opinion pointed out that Jackson pled that O'Neill was acting within the course and scope of his employment at all relevant times. Jackson filed her notice of appeal to the Circuit Court of Harrison County on May 19, 2003, and on January 12, 2005, the circuit court affirmed.
I. THE COUNTY AND CIRCUIT COURT ERRED IN FINDING THAT THE DOCTRINE OF SOVEREIGN IMMUNITY BARRED SUIT AGAINST THE SHERIFF'S DEPARTMENT AND THE DEPUTY INASMUCH AS MISS. CODE ANN. § 19-25-19 IS A SPECIFIC WAIVER OF IMMUNITY FOR THE SHERIFF'S DEPARTMENT, TO INCLUDE THE SHERIFF AND HIS DEPUTIES, AND WAS NOT REPEALED BY THE BROADER TORT CLAIMS ACT.

STANDARD OF REVIEW
¶ 5. We apply a de novo standard when reviewing the granting of a M.R.C.P. 12(b)(6) motion. Roberts v. New Albany Separate School Dist., 813 So.2d 729, 730(4) (Miss.2002); Arnona v. Smith, 749 So.2d 63, 65-66(6) (Miss.1999). Therefore we sit in the same position as the trial court but are not required to defer to the trial court's ruling. Statutory interpretation is a question of law and is therefore reviewed under the de novo standard. Donald v. Amoco Production Co., 735 So.2d 161, 165(7) (Miss.1999).

DISCUSSION
¶ 6. Jackson asserts that Mississippi Code Annotated § 19-25-19 states that the sheriff is liable for all tortious acts of his deputies under any circumstances. Jackson goes further to state that this code section is a waiver of immunity by the sheriff and therefore MTCA is not applicable. However, we disagree. Mississippi Code Annotated § 11-46-9(1) (Supp.2005) in summary states that any governmental entity and its employees who are acting within the scope of their employment are not liable for any claim unless the employee acted in reckless disregard of the safety and well-being of any person. Jackson admitted in her pleadings that O'Neill was acting in the scope of his employment. Therefore, by reading MTCA in accordance with § 19-25-19 of the Mississippi Code Annotated, the sheriff is only liable for his deputies when their actions arise to reckless disregard of safety.
¶ 7. The Mississippi Supreme Court has looked to Black's Law Dictionary which defines "reckless disregard" as "the voluntary doing by a motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper or prudent act when such an act or failure to act *52 evinces an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of a chance of an accident happening without intent that any occur." Turner v. City of Ruleville, 735 So.2d 226, 228-29(¶ 11) (Miss.1999) (quoting Black's Law Dictionary 1270 (6th ed. 1991)). In order for Sheriff Payne to be liable, O'Neill's actions must be excluded from MTCA.
¶ 8. This case is almost identical to Bonner v. William E. McCormick and the City of Hattiesburg d/b/a Hattiesburg Police Department, 827 So.2d 39 (Miss.Ct. App.2002). As McCormick, a Hattiesburg police officer, proceeded through a green light, Bonner abruptly stopped her vehicle causing McCormick to hit her from behind. Id. at 40(¶ 2). This Court ruled that McCormick was acting within the scope and course of his employment, and that his conduct did not qualify as recklessness. Id. at 41(¶ 6). Jackson must show more than mere negligence. In order to rely upon Mississippi Code Annotated § 19-25-19 (Supp.2005), Jackson must establish liability on the part of O'Neill in accordance with the MTCA, and only then can Sheriff Payne be liable.
¶ 9. O'Neill was proceeding down Pass Road at a reasonable speed, and as Jackson stopped abruptly he hit her from behind. Jackson argues that by hitting her from behind, O'Neill was guilty of a traffic violation therefore MTCA does not apply. However, Jackson gives no evidence to support this argument. The trial judge stated that this was a case of mere negligence, and we have to agree. Jackson must show more than mere negligence to establish reckless disregard. Id.; Turner v. Ruleville, 735 So.2d 226, 230(¶ 18) (Miss. 1999). There is no indication that O'Neill acted with deliberate disregard for the safety of others. Davis v. Latch, 873 So.2d 1059, 1063(¶ 15) (Miss.Ct.App.2004); see Maldonado v. Kelly, 768 So.2d 906, 911(¶ 12) (Miss.2000). Therefore, this issue is without merit.
II. EVEN IF MISS. CODE ANN. § 19-25-19 DOES NOT OPERATE TO WAIVE SOVEREIGN IMMUNITY, THE LEGISLATURE DID NOT INTEND TO IMMUNIZE LAW ENFORCEMENT EMPLOYEES WHO COMMIT MISDEMEANOR VIOLATIONS OF THE RULES OF THE ROAD IN NON-EMERGENCY SITUATIONS FROM CIVIL LIABILITY UNDER THE TORT CLAIMS ACT, MISS. CODE ANN. § 11-46-1 ET SEQ. SUCH A CONSTRUCTION WOULD BE VIOLATE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND TO ARTICLE 3, SECTION 14 OF THE MISSISSIPPI STATE CONSTITUTION.

DISCUSSION
¶ 10. Jackson argues that the MTCA violates the due process clause of the Fourteenth Amendment of the Mississippi Constitution. However, the first time this issue was raised was on this appeal. Jackson did not plead this constitutional issue or argue it in the lower court. The Mississippi Supreme Court has consistently ruled that errors raised for the first time on appeal will not be considered, especially where constitutional questions are concerned. Ellis v. Ellis, 651 So.2d 1068, 1071 (Miss.1995) (citing Patterson v. State, 594 So.2d 606, 609 (Miss.1992)). Furthermore Rule 24(d) of the Mississippi Rules of Civil Procedure require proper notice to be given to the Attorney General when the constitutionality of a statute is challenged in order to give him the opportunity to intervene. Cockrell v. Pearl River Valley Water Supply Dist., 865 So.2d 357, 360(¶ 10) (Miss. *53 2004); Barnes v. Singing River Hosp. Systems, 733 So.2d 199, 202-03(¶ 9) (Miss. 1999); Pickens v. Donaldson, 748 So.2d 684, 691-92(¶ 31) (Miss.1999). Therefore since Jackson failed to raise the constitutional challenge before the trial court and also failed to notify the Attorney General in accordance with M.R.C.P. 24(d), we find this issue is procedurally barred and we decline to address it.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.