## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01808-COA

ARLENE CAROTHERS                                                        APPELLANT

v.

CITY OF WATER VALLEY, MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2015 |
| TRIAL : | HON. JAMES MCCLURE III |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DRAYTON D. BERKLEY |
| ATTORNEY FOR APPELLEE: | MITCHELL ORVIS DRISKELL III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | FINAL JUDGMENT IN FAVOR OF CITY OF WATER VALLEY; CASE DISMISSED WITH PREJUDICE |
| DISPOSITION: | AFFIRMED: 05/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Arlene Carothers appeals the judgment of the Yalobusha County Circuit Court wherein the circuit court found the automobile collision involving her vehicle and a City of Water Valley police car did not occur as a result of reckless disregard by a government employee.  We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On September 5, 2012, Carothers was stopped at a traffic light when her car was rear-ended by a City of Water Valley police car, driven by Officer Marshal Jackson.  Both

vehicles sustained only minor damage and both were operable after the collision. Officer Jackson suffered no bodily injuries, but Carothers testified that she sustained injuries to her head, left knee, and hand. Carothers drove herself to the emergency room where she received treatment for a contusion (bruise) on her left knee.

¶3.     Immediately before the accident, both parties were traveling in the same direction toward the traffic signal. The speed limit on Main Street was twenty-five miles per hour. Officer Jackson testified that he was driving ten miles per hour as he neared the traffic light. He estimated there was approximately one car length between his car and Carothers's vehicle just before the accident.

¶4.     Officer Jackson testified that he looked away for one and a half seconds when he reached for his cellular phone. He testified that his two-way radio was inoperable, and he intended to use his cell phone to respond to radio traffic. According to Officer Jackson, Carothers's brake lights were not activated, and he did not anticipate her stopping at that precise moment. At the time of the accident, Officer Jackson was on patrol in the area. He was not in pursuit of a suspect, did not have his blue lights or siren activated, and was not responding to an emergency dispatch.

¶5.     Carothers filed a complaint against the City seeking monetary damages for her injuries. In her complaint, she alleged that Officer Jackson's actions were negligent and evinced reckless disregard for her safety and well-being. Carothers further alleged that the City was directly negligent in its entrustment, training, supervision, retention, and hiring of Officer Jackson.

¶6. In its answer, the City asserted immunity as a governmental entity, pursuant to Mississippi Code Annotated sections 11-46-1 to -23 (Rev. 2012 & Supp. 2016). The City also admitted vicarious liability for Officer Jackson's conduct, if he acted with reckless disregard. However, the City denied direct liability and reckless disregard by the officer. The City also filed a motion to dismiss Carothers's direct-liability claims. In its motion, the City asserted the prior admission of vicarious liability and the discretionary-function-immunity provision barred Carothers's direct-liability claim.

¶7. After a hearing on the motion, the trial court dismissed Carothers's direct-liability claims. On October 5, 2015, the vicarious-liability claim proceeded to a bench trial wherein the trial judge entered his findings of fact and conclusions of law. The trial court characterized the collision as a "fender bender" and found that the matter was a simple-negligence case. The trial court held that the claim was governed by the Mississippi Tort Claims Act (MTCA), pursuant to section 11-46-9(1). The court entered a final judgment in favor of the City, and Carothers's claims were dismissed with prejudice.

¶8. Carothers appeals and asserts several trial-court errors. Carothers alleges the trial court erred when it failed to: (a) find that the relevant standard of care was simple negligence; (b) determine that a traffic offense was committed; (c) construe the provisions of the MTCA in conjunction with traffic regulations; and (d) find that the provisions for traffic violations control claims of governmental immunity. Additionally, Carothers asserts that *City of Jackson v. Harris*, 44 So. 3d 927 (Miss. 2010), renders Officer Jackson's traffic violations as reckless disregard, as a matter of law. Finally, she asserts the trial court erred

by dismissing the direct-liability claims against the City.

¶9.    Because several of Carothers's claims on appeal are related, we combine her claims into two main issues: (1) whether the MTCA governs a claim of liability against a governmental entity when the employee commits a traffic offense and (2) whether the trial court erred by dismissing the direct-liability claims against the City.  We find no reversible error and affirm.

## ANALYSIS

*I.     Whether the MTCA governs a claim of liability against a governmental entity when the employee commits a traffic offense.*

¶10.   "The standard of review for a judgment entered following a bench trial is well settled." *Maldonado v. Kelly*, 768 So. 2d 906, 908 (¶4) (Miss. 2000).  "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." *Id.* (citations omitted).  "This Court reviews errors of law, which include the proper application of the MTCA, de novo." *Id.* (citations omitted).

¶11.   Carothers argues that the trial-court judge improperly found that the City was immune from liability.  The relevant portion of the MTCA provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]

Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2012).  "The MTCA is the exclusive remedy for

4

filing a lawsuit against governmental entities and [their] employees." *City of Jackson v. Brister*, 838 So. 2d 274, 278 (¶13) (Miss. 2003).

¶12. "In order for a municipality to waive governmental immunity from suit, the . . . employee [in question] must be found to have acted [with] reckless disregard [for] the safety and well-being of any person not engaged in criminal activity at the time of injury." *Pearl River Cty. v. Bethea*, 196 So. 3d 1012, 1015 (¶12) (Miss. Ct. App. 2015) (internal quotation marks and citation omitted). Although reckless disregard is not defined in the statute, the supreme court previously defined reckless disregard as "the voluntary wrongful doing by a motorist of an improper or wrongful act, [or] the voluntary refraining from doing a proper or prudent act[,] when such an act or failure to act evinces an entire abandonment of any care, and heedless indifference to results which may follow[.]" *Id.* (citing *Maldonado v. Kelly*, 768 So. 2d 906, 909 (¶8) (Miss. 2000)).

¶13. First, Carothers argues that the trial judge should have found that Officer Jackson committed a traffic violation by tailgating her vehicle, which violated Mississippi Code Annotated section 63-3-619 (Rev. 2013). This section applies to traffic regulations but does not address governmental immunity. Section 11-46-9(1)(c) governs suits against governmental entities where the "act[s] or omission[s] of an employee . . . engaged in the . . . duties or activities relating to police . . . protection" result in a claim for liability. Miss. Code Ann. § 11-46-9(1)(c).

¶14. Although Carothers's claim arose after a traffic violation, this Court previously held that guilt of a traffic violation does not render the provisions of the MTCA inapplicable.

5

*Jackson v. Payne*, 922 So. 2d 48, 52 (¶9) (Miss. Ct. App. 2006). Carothers must show more than mere negligence to establish reckless disregard and remove the City's immunity. *Id.* This claim is without merit.

¶15. Next, Carothers argues that Mississippi Code Annotated section 63-3-205 (Rev. 2013), which governs traffic regulations and rules of the road, controls section 11-46-9(1) and the MTCA. She also asserts that the trial judge erred when he failed to construe the two statutes together. Carothers contends that the City must forego its immunity because Officer Jackson was not responding to an emergency nor pursuing a suspect at the time of the collision. Section 63-3-205 provides that "no driver of any authorized emergency vehicle shall assume any special privilege *under this chapter* except when such vehicle is operated in response to an emergency call or in the immediate pursuit of an actual or suspected violator of the law." Miss. Code Ann. § 63-3-205 (emphasis added).

¶16. Here, the statutory language is unambiguous and serves as general guidelines for traffic regulations and rules of the road. The language neither instructs nor implies that section 63-3-205 should be read in conjunction with the provisions of section 11-46-9(1)(c) of the MTCA. Moreover, Carothers misapplies the supreme court's holding in *Harris*, 44 So. 3d 927, when she argues that "Mississippi police operating vehicles [are] not entitled to immunity unless . . . responding to an emergency . . . or in pursuit . . . of [a] suspected violator." This assessment is erroneous; the supreme court analyzed the facts of *Harris* and determined that the municipality was vicariously liable for a police officer's traffic offense that resulted in the death of a citizen. *Id.* at 933 (¶27). The municipality sought to

6

disassociate itself from the officer to preserve its immunity. *Id.* at 932 (¶20). However, the supreme court held that the police officer acted with reckless disregard when he traveled through a red light at an excessive rate of speed. *Id.* at 933 (¶24). As a result of the employee's reckless disregard, the governmental entity was not entitled to immunity.

¶17. Consistent with the supreme court analysis in *Harris*, reckless disregard is also the appropriate standard here, rather than negligence. Section 11-46-9 governs suits against governmental entities. Therefore, section 63-3-205 neither controls nor affects a municipality's grant of immunity pursuant to the MTCA. This claim is without merit.

¶18. Finally, Carothers contends the trial court erred when it applied a reckless-disregard standard rather than a simple-negligence standard. She asserts that Officer Jackson acted with reckless disregard when he committed a traffic violation. This Court has required more than a showing of mere negligence in suits involving government entities. *Jackson*, 922 So. 2d at 52 (¶9). Furthermore, this Court has held that reckless disregard is the standard required to overcome the protection of immunity. *Bethea*, 196 So. 3d at 1015 (¶12). At the trial-court level, the plaintiff bears the "burden of proving reckless disregard by a preponderance of the evidence." *Hinds Cty. v. Burton*, 187 So. 3d 1016, 1022 (¶17) (Miss. 2016) (internal quotations marks and citations omitted). Here, Carothers did not meet this burden; she did not present any evidence indicating that Officer Jackson was reckless in the operation of his vehicle or acted with willful or wanton conduct, which resulted in the accident.

¶19. Here, the trial judge characterized the vehicle collision as a "fender bender" and

declared the matter a simple-negligence case. In his final judgment, the trial judge referenced *Joseph v. City of Moss Point*, 856 So. 2d 548 (Miss. Ct. App. 2003), which contained facts analogous to the present matter. In *Joseph*, a police officer, while stopped at a red light, was reading a warrant and not paying attention to the traffic around him. When the officer noticed that the cars beside him were moving, he took his foot off the brake and rear-ended the car in front of him. Similarly, while "Officer [Jackson] was remiss in [not] paying attention to [the] traffic directly in [front of him]," his decisions to take his eyes off the road and retrieve a cell phone do not evince "a blatant exhibition of recklessness." *Id.* at 551 (¶9).

¶20. The trial court applied the correct legal standard and did not err when it found that the City was immune from liability. The ruling was supported by substantial, credible, and reasonable evidence. Officer Jackson, while working for a governmental entity, did in fact cause the rear-end collision when he took his eyes off the road. However, his conduct simply did not rise to the level of reckless disregard required by the supreme court. Thus, the City was entitled to immunity under the MTCA pursuant to section 11-46-9(1)(c). The trial judge did not abuse his discretion.

> II. *Whether the trial court erred by dismissing the direct-liability claims against the City.*

¶21. Carothers argues the trial court erred when it dismissed her direct-liability claims against the City. She contends that she could have proven multiple sets of facts. She argues the City failed to admit vicarious liability for the negligent actions of Officer Jackson. She further asserts that the City was negligent in its hiring, retention, training, supervision, and

8

entrustment of Officer Jackson.

¶22. The City contends that Carothers is procedurally barred from contesting the trial court's dismissal of the direct-liability claims. The City asserts that Carothers failed to raise the issue in her notice of appeal, and therefore the issue is not properly before this Court. As a substantive argument, the City contends that it admitted vicarious liability, which rendered the direct-liability claims moot. The City further argues that the trial court did not find reckless disregard or any underlying tort to substantiate a claim for negligence, which renders the claim moot.

¶23. The supreme court has held that "a trial court's grant or denial of a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) . . . raises a question of law that is reviewed de novo." *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 135 (¶5) (Miss. 2013) (internal citation omitted). "[I]n order to grant a Rule 12(b)(6) motion to dismiss, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be prove[n] in support of the claim." *Id.*

¶24. The City contends that Carothers is procedurally barred from contesting the trial judge's dismissal of the direct-liability claims. The City argues that Carothers failed to designate the issue in her notice of appeal. Pursuant to Mississippi Rule of Appellate Procedure 3(c), an appellant must "designate as a whole or in part the judgment or order appealed from." In her Statement of Issues for Appeal, filed December 21, 2015, there is no evidence of Carothers's intent to appeal the order dismissing her claims for direct liability against the City.

¶25. This Court previously held "that if the statement of issues and the appellant's brief

9

clearly show the basis for the appeal, then the issue can be addressed on the merits."

*Herndon v. Miss. Forestry Comm'n*, 67 So. 3d 788, 795 (¶19) (Miss. Ct. App. 2010) (citing

*Fletcher v. Lyles*, 999 So. 2d 1271, 1277 (¶25) (Miss. 2009)). "Under Rule 3(c) of the

Mississippi Rules of Appellate Procedure, an appeal shall not be dismissed for informality

of form or title of the notice of appeal." *Herndon*, 67 So. 3d at 795 (¶19) (citation omitted)

(quoting M.R.A.P. 3(c)). "Consequently, we will consider the merits of this issue on appeal."

*Id.*

¶26.     Under the provisions of the MTCA and the doctrine of respondeat superior, the City

may be liable for damages caused by acts of reckless disregard committed by an employee

acting in the scope of his employment. At the trial-court level, the City sought to have the

direct-liability claims dismissed. Finding no caselaw from our state appellate courts directly

on point to the issue before the trial judge, the City relied on the federal district-court case

of *Davis v. ROCOR International*, No. 3:00-CV-864, 2001 U.S. LEXIS 26216 (S.D. Miss.

Dec. 19, 2001).

¶27.     In *Davis*, ROCOR International sought summary judgement on claims asserted by the

plaintiff for negligent hiring, training, supervision, and entrustment of an employee. *Id.* at

*17. ROCOR admitted vicarious liability for damages caused by the negligent actions of the

employee. *Id.* The district-court judge, after conducting an analysis under Mississippi

caselaw[1] regarding negligent entrustment, hiring, training, and retention, determined there

---

[1] *Freeman v. Lester Coggins Trucking, Inc.* 771 F.2d 860, 861 n.1 (5th Cir. 1985) (citing *Brown Oil Tools v. Schmidt*, 246 Miss. 238, 148 So. 2d 685, 687 (1963)) (holding "that liability cannot be imposed on an employer on a theory of negligent entrustment unless the employee is first found to be negligent"); *Love v. McDonough*, 758 F. Supp. 397, 400 (S.D. Miss. 1991) (holding that the "established law in Mississippi is that there is no liability

was no need to show that an employer was negligent after it admitted vicarious liability. *Id.* at **18-20.

¶28. The district-court judge found "that allowing a plaintiff to maintain a negligent entrustment claim in a case [where] vicarious liability is admitted is unduly prejudicial to the defendant as 'permitting proof of previous misconduct of the employee would only serve to inflame the [fact-finder].'" *Id.* at *20 (citations omitted). Ultimately, the district-court judge noted that the court was also unable to find any Mississippi caselaw that would "allow [ ] a plaintiff to recover damages on claims of negligent hiring, training, [ ] retention, [or entrustment] in addition to those that resulted because of the negligent acts of an employee." *Id.* at *23. The district court found that the plaintiff's direct-liability claims against ROCOR merged with the claims against the employee. *Id.* And since the employer conceded liability, there was no basis for allowing the plaintiffs to proceed on the direct-liability claims. *Id.*

¶29. This Court adopts the foregoing analysis as set forth in *Davis*. Notwithstanding the procedural bar, we find that the circuit court's dismissal of the direct-liability claims, pursuant to Rule 12(b)(6), was proper. The City admitted vicarious liability. Thus, there was no need to show that it was negligent in hiring, training, retaining, or entrusting Officer Jackson. Moreover, regardless of whether the City was negligent, the claim arose out of police-protection activities. § 11-46-9(1)(c). Therefore, the City could not be held liable

---

for negligent entrustment of a vehicle without a subsequent negligent use of that vehicle"); *Thatcher v. Brennan*, 657 F. Supp. 6, 10 (S.D. Miss. 1986) (quoting *Jones v. Toy*, 476 So. 2d 30, 31 (Miss. 1985)) (holding "that an employer has a duty to exercise due care in hiring its employees and will be charged with an employee's negligence and be liable for resulting injuries []if the [employer] knew or should have[] known of the employee's incompetence" (quotation marks omitted)).

unless "the employee acted [with] reckless disregard." *Id.*; *cf. Little v. Schafer*, 319 F. Supp. 190, 191-92 (S.D. Tex. 1970). We affirm.

**¶30. THE JUDGMENT OF THE YALOBUSHA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**