# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00734-COA

**LAMARCUS JERRELL ANTWON TAYLOR**                    **APPELLANT**

**v.**

**LATROY DARNELL JOHNSON AND DART**                    **APPELLEES**
**TRANSIT COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2022 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LARRY STAMPS |
| ATTORNEYS FOR APPELLEES: | DAVID C. DUNBAR |
| | KIM D. McCORMACK |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     The Circuit Court of Bolivar County, Mississippi, granted the defendants Latroy Darnell Johnson's and Dart Transit Company's motions for summary judgment against Lamarcus Jerrell Antwon Taylor's direct-liability claims and his claims for punitive damages arising out of a motor vehicle accident. Aggrieved by the trial court's decision, Taylor appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 26, 2020, Taylor was driving his 2008 Dodge Ram pick-up truck with Christopher Crump Sr. in the front passenger seat and Crump's sons, Christopher Crump Jr.

and Christian Crump, in the rear seats. Johnson was driving an eighteen-wheeler in the course and scope of his employment for Dart Transit Company in a southerly direction on U.S. Highway 61, a divided four-lane highway. As Johnson approached the intersection of 16th Section Road and Highway 61, he encountered Taylor, who was traveling from east to west on 16th Section Road and was attempting to cross Highway 61, and the two vehicles collided.

¶3.     The information the parties submitted in support of and in opposition to the summary judgment motions included two versions of a dashcam video of the accident taken from Johnson's vehicle. At the beginning of the first video, Taylor's vehicle can be seen stopped on 16th Section Road waiting for another vehicle going north on Highway 61 to pass in front of his vehicle. At this point, Johnson's vehicle is traveling south on Highway 61, in the outside lane at "basically 65-66 miles per hour." We do not know the exact distance between Johnson's vehicle and the intersection, but Johnson described it as being "close." In the next second, Taylor's vehicle can be seen passing the "Stop" sign on 16th Section Road and beginning to cross the northbound lanes of Highway 61. Taylor's vehicle first enters the crossover/median area between the northbound and southbound lanes at the five-second mark of the video. At this point, Johnson's vehicle is much closer to the intersection, but there is no proof of the distance of his vehicle from the intersection. At the six-second mark of the video, Taylor's vehicle passes the "Yield" sign in the median. At the seven-second mark of the video, Taylor's vehicle moves from the crossover/median area and into the inside

2

southbound lane of Highway 61. At this moment, the second version of the dashcam video shows that Johnson applied his brakes. Johnson's vehicle is extremely close to Taylor's vehicle, though we do not know the exact distance. Before the video's timer reaches the eight-second mark, Taylor's vehicle continues to cross Highway 61 and is struck by Johnson's vehicle in the outside southbound lane of travel. Christopher Crump Sr., Christopher Crump Jr., Christian Crump, and Taylor were all injured. Christopher Crump Jr. died as a result of his injuries.

¶4.    On December 4, 2020, Monica Davis Crump[1] and Christopher Crump Sr., individually, sued Johnson, Dart Transit Company, and Taylor for both compensatory and punitive damages incurred as a result of the collision.[2] On February 12, 2021, Taylor filed his answer to the complaint and a cross-claim against Johnson and Dart on February 12, 2021, also seeking compensatory and punitive damages for his injuries incurred in the collision.

¶5.    The parties went through the discovery process, and after the deadline to designate an expert had passed, on November 17, 2021, Johnson and Dart moved for partial summary judgment on Taylor's direct-liability cross-claim against Dart and his punitive damages

---

[1] Monica filed suit as the duly-appointed administratrix of the estate of Christopher James Crump Jr., deceased, and on behalf of the wrongful death beneficiaries of Christopher James Crump Jr., including Monica Davis Crump, Christopher James Crump Sr., and Christian Crump, a minor, by Monica Davis Crump as his duly-appointed guardian.

[2] The Crump plaintiffs' claims against Taylor, Dart, and Johnson were dismissed by an agreed order entered on December 21, 2021.

cross-claim against Johnson and Dart. Taylor filed his response opposing the motion on December 2, 2021, and Johnson and Dart filed their reply on December 3, 2021. After a hearing on December 7, 2021, the circuit court entered an order granting partial summary judgment in favor of Johnson and Dart on December 21, 2021. The court found Dart had admitted that Johnson was its agent and that the accident occurred within the course and scope of his employment; therefore, summary judgment in favor of Dart was appropriate on Taylor's direct-liability claims against Dart. Further, the circuit court found that Taylor had not created a jury issue of whether Johnson's actions were malicious or grossly negligent and granted summary judgment in favor of Johnson and Dart as to Taylor's claims for punitive damages. Taylor filed a petition for permission to file an interlocutory appeal from that order to the Mississippi Supreme Court, which was denied on March 3, 2022.[3]

¶6.     While the petition for an interlocutory appeal was pending, Johnson and Dart filed a motion for summary judgment as to all of Taylor's negligence claims on February 16, 2022. After a hearing on May 11, 2022, the trial court took the motion under advisement and allowed both parties to submit supplemental briefs. On June 27, 2022, the trial court granted their motion for summary judgment, finding that Taylor had failed to present evidence that any negligence by Johnson was the proximate cause of the accident. Taylor appeals both orders granting summary judgment in favor of Johnson and Dart.

**STANDARD OF REVIEW**

---

[3] Order, No. 2022-M-00035-SCT (Miss. Mar. 3, 2022).

4

¶7. In *White v. Targa Downstream LLC*, 358 So. 3d 627, 632 (¶11) (Miss. 2023), the supreme court stated:

> "This Court employs a de novo standard of review when considering a trial court's grant or denial of summary judgment." *State ex rel. Watson v. Long Beach Harbor Resort, LLC*, 346 So. 3d 406, 409-10 (Miss. 2022) (internal quotation marks omitted) (quoting *Hobson v. Chase Home Fin., LLC*, 179 So. 3d 1026, 1033 (Miss. 2015)). Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miss. R. Civ. P. 56(c). "While evidence is viewed in the light most favorable to the nonmoving party, there must be a material fact issue to preclude summary judgment." *Peak v. Cohee*, 294 So. 3d 604, 607 (Miss. 2020) (citing *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004)).

## ANALYSIS

¶8. We will first address the defendants' second motion for summary judgment in which Johnson and Dart argued that Taylor "failed to produce sufficient evidence on the issue of causation" to support his negligence claim. To survive this motion, Taylor was required to produce sufficient summary judgment proof to create a jury issue as to whether any negligence by Johnson was the proximate cause of the accident and Taylor's injuries. In *Joe McGee Construction Co. v. Brown-Bowens*, 368 So. 3d 1277, 1280 (¶9) (Miss. 2023), the supreme court explained:

> "To prevail on a negligence claim, a plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." *Miss. Dep't of Mental Health v. Hall*, 936 So. 2d 917, 922 (Miss. 2006) (quoting *Miss. Dep't of Transp. v. Cargile*, 847 So. 2d 258, 262 (Miss. 2003), *overruled on other grounds by Little v. Miss. Dep't of Transp.*, 129 So. 3d 132 (Miss. 2013)). Mississippi Rule of Civil Procedure 56(c) mandates summary judgment when "there are no genuine issues of

material fact such that the moving party is entitled to judgment as a matter of law." *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1188 (Miss. 1994). When "the party opposing the motion for summary judgment on a claim or defense upon which it bears the burden of proof at trial, and the moving party can show a complete failure of proof on an essential element of the claim or defense, other issues become immaterial and the moving party is entitled to summary judgment as a matter of law." *Id.* (citing *Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc.*, 519 So. 2d 413, 416 (Miss. 1988)).

¶9. As noted above, it is clear that Taylor passed through a stop sign, disobeyed a yield sign in the crossover/median, and then pulled in front of Johnson's oncoming vehicle immediately prior to the collision. However, that is not the end of the discussion. In *Towns v. Panola County Board of Supervisors*, 357 So. 3d 1062, 1072 (¶26) (Miss. Ct. App. 2022), this Court acknowledged:

"[T]here may be more than one proximate cause of an injury[.]" *Hill v. Columbus Ice Cream & Creamery Co.*, 230 Miss. 634, 642, 93 So. 2d 634, 636 (1957) (quoting *Am. Creosote Works of La. v. Harp*, 215 Miss. 5, 12, 60 So. 2d 514, 517 (1952)). A defendant's negligence is considered a proximate cause of a plaintiff's injury if it was a "substantial factor in producing the injury" even if it was "not . . . the sole cause of [the] injury." *T.L. Wallace Constr. Inc. v. McArthur, Thames, Slay & Dews PLLC*, 234 So. 3d 312, 330 (¶68) (Miss. 2017) (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 485 (5th Cir. 2008)).

¶10. Taylor alleges in his brief that Johnson "failed to properly apply his brakes until immediately prior to colliding [into] Taylor's vehicle, that he failed to keep a proper lookout, that he failed to reduce his speed as he approached the intersection, that he failed to yield the right of way as Taylor entered the southbound lane of U.S. 61, and that he failed to keep the proper speed under his control." While he contends that no expert was required to "show that

6

Johnson caused the collision," Taylor relied upon an expert report in opposing the summary judgment motion before the trial court and on appeal.

¶11.    Taylor did not retain his own expert but, instead, chose to rely upon the expert report of John T. (Tim) Corbitt, who had been retained by the Crump family. In his designation of experts, Taylor incorporated and adopted Corbitt as an expert on liability, including his report. Corbitt's report[4] concludes:

> Based on the information, evidence and data available at this time, I have made the following conclusions and opinions regarding this collision based on a reasonable degree of probability using scientific principles of Accident Reconstruction.
>
> 1. The collision occurred in the right hand southbound traffic lane of US 61 at the intersection with 16 Section Rd. The initial impact occurred to the passenger front corner and fender area of the Taylor-Dodge and the front of the Johnson Kenworth.
>
> 2. Mr. Lamarcus Taylor disobeyed the stop sign on 16 Section Rd. for the northbound lanes of US 61. He then accelerated from 12 MPH to 21 MPH while crossing the northbound lanes. He entered into the center crossover and into the southbound traffic lanes. Mr. Taylor failed to yield the right-of-way to the approaching southbound Johnson-Kenworth which was traveling in the right hand traffic lane of US 61.
>
> 3. The -5 seconds recording time in the CDR report indicates that Mr. Taylor traveled approximately 123 ft. to 125 ft. during the recording. This would place his vehicle near the stop line for the northbound traffic lanes and traveling 12 MPH when the recording time begins. If Mr. Taylor had stopped, he would have required approximately 34 ft. and approximately 2.1 seconds to

---

[4] Apparently Corbit gave no sworn testimony, either by affidavit or deposition, and the trial court apparently considered Corbit's unsworn report without an objection from either party.

accelerate to 12 MPH.

4. According to the Bendix video, the Taylor-Dodge is seen past the stop sign approximately 7 seconds prior to impact and is beginning to cross the northbound traffic lanes. The vehicle continues moving and does not stop in the median.

5. Mr. Johnson failed to reduce his vehicle speed for the intersection in accordance with MS Code. Mr. Johnson did not release the cruise control until he began braking at approximately 19:20:08 hrs. according to the PeopleNet Report. His vehicle only lost 1 MPH in the next 2 seconds when he began Emergency Braking at 19:20:10 hrs. At that time the vehicle speed was approximately 62 MPH and lost approximately 14 MPH in the next second.

6. Mr. Johnson failed to react to hazard of the Taylor-Dodge both running the stop sign and crossing the center crossover and then not stopping until the Dodge became an Emergency to him.

7. Mr. Johnson testifies that he observed the Taylor-Dodge running the stop sign and at that time he decided that it was a hazard to him. He began apply brakes when he observed this however: the data disputes this testimony.

Taylor argues that "but for" these acts of negligence by Johnson, the collision would not have occurred.

¶12. While Taylor was arguably negligent, Johnson may also be liable if it can be shown that his negligence combined with Taylor's to cause the accident. In *Cornell v. Mississippi Department of Human Services*, 374 So. 3d 1217, 1223 (¶30) (Miss. Ct. App. 2023), we explained:

> [A] defendant's negligence is the cause in fact of a plaintiff's damage when "**the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred.**" *Davis v. Christian*

*Brotherhood Homes of Jackson, Miss. Inc.*, 957 So. 2d 390, 404 (¶32) (Miss. Ct. App. 2007).

(Emphasis added). Thus, Taylor had to demonstrate, with summary judgment proof, that Johnson's alleged negligence was a **proximate cause** of his injuries. However, it is not enough to simply show that Johnson's actions violated the rules of the road. In *Clark v. Clark*, 863 So. 2d 1027, 1032 (¶22) (Miss. Ct. App. 2004), this Court explained that violating a traffic law (negligence per se) is not the equivalent of fault. "The violation must have been a proximate cause of the accident." *Id.*

¶13.    Johnson argued before the trial court and on appeal that Corbitt's report does not "identify brake response time as a proximate cause of the crash, nor does it explain how a different result would have occurred had Johnson applied his brakes exactly as the speed and distances demonstrate." In other words, there is no expert testimony to show that as Taylor passed the stop sign, then the yield sign, and entered Johnson's lane of travel, there was any action Johnson could have taken to avoid the collision. There is nothing in the record about the weight of Johnson's vehicle or the distance needed to bring the vehicle to a complete stop to avoid impact. There is nothing to show the distance needed to slow Johnson's vehicle to the point where the collision could have been avoided. There is no proof as to the amount of time required for Johnson to see, perceive, and react to the dangerous situation created by Taylor's vehicle or the distance Johnson's vehicle would have traveled during that period of time.

¶14.    In *Martin ex rel. Heirs of Martin v. B & B Concrete Co.*, 71 So. 3d 611, 616 (¶19)

(Miss. Ct. App. 2011), this Court stated:

> The supreme court has also held that "the motorist's right to assume that the driver of a vehicle proceeding toward an intersection will obey the law of the road, which requires him to stop before entering the intersection, exists only until he knows or in the exercise of ordinary care should know otherwise." [*Busick v. St. John*, 856 So. 2d 304, 317 (¶19) (Miss. 2003)] (quoting *Jobron v. Whatley*, 250 Miss. 792, 168 So. 2d 279, 284 (1964)).

In the present case, Johnson had the right to assume Taylor would "obey the law of the road," that is, the yield sign that required Taylor to stop in the crossover/median until Johnson passed by. According to the video evidence, less than three seconds elapsed between the time Taylor entered the crossover/median area and the time of the collision. Given this unique factual scenario, expert testimony or other evidence was needed to determine whether, within the time and distance available, Johnson could have taken any action that would have avoided the collision.

¶15. In *Rogers v. Barlow Eddy Jenkins P.A.*, 22 So. 3d 1219, 1225 (¶23) (Miss. Ct. App. 2009), we stated:

> [A]lthough Davis correctly points out that the issue of proximate cause is generally an issue for a jury to decide, this fact does not change the requirement that, to withstand a motion for summary judgment, the non-moving party must present evidence that would allow a jury to find that the breach proximately caused the injury at issue. [*Davis v. Christian Brotherhood Homes of Jackson, Mississippi, Inc.*, 957 So. 2d 390,] 410 (¶48) [(Miss. Ct. App. 2007)].

Likewise, in the present case, to avoid summary judgment, Taylor had to produce sufficient summary judgment proof to show that a genuine issue of fact existed for the jury to decide whether Johnson's negligence was a proximate cause of the accident and Taylor's injuries.

10

We find that neither Corbitt's expert report nor any other evidence Taylor produced was sufficient to meet this burden. The circuit court did not err by granting summary judgment.

¶16. As for the first order granting summary judgment as to Taylor's direct-liability claims against Dart, partial summary judgment was appropriate because Dart had admitted that Johnson was acting within the course and scope of his employment with Dart. *See Carothers v. City of Water Valley*, 242 So. 3d 138, 144-45 (¶29) (Miss. Ct. App. 2017). As for the grant of summary judgment as to Taylor's punitive damage claims against Johnson and Dart, we affirm summary judgment because Taylor's underlying negligence claims fail as a matter of law, so the issue of punitive damages is now moot. *See Elmore v. Dixie Pipeline Co.*, 245 So. 3d 500, 510 (¶49) (Miss. Ct. App. 2017).

## CONCLUSION

¶17. Based upon our de novo review of the record, we find that the trial court did not err by granting summary judgment.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**