# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01092-COA

FIRNIST ALEXANDER                                                       APPELLANT

v.

METROPOLITAN Y.M.C.A.                                                    APPELLEE

DATE OF JUDGMENT:              06/22/2022
TRIAL JUDGE:                   HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        FIRNIST ALEXANDER (PRO SE)
ATTORNEY FOR APPELLEE:         PRESTON ORMOND LEE
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   AFFIRMED - 08/27/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND SMITH, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This appeal arises from injuries Firnist Alexander sustained while he was swimming at a YMCA location in Flowood, Mississippi.  Alexander filed a complaint against the Metropolitan YMCAs of Mississippi in the Rankin County Circuit Court.  During the discovery period, Alexander did not conduct any depositions or designate any experts.  After the close of discovery, Alexander filed a motion to compel, asserting that YMCA had failed to adequately respond to his interrogatories and requests for production.  YMCA moved for summary judgment.  The court held the motion in abeyance and gave Alexander a deadline to send more specific discovery requests to YMCA.  The court also directed Alexander to file a response to YMCA's motion for summary judgment.  After Alexander failed to send more specific discovery requests and respond to the motion, the court granted YMCA's motion for

summary judgment.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Firnist Alexander became a member of the Metropolitan YMCAs of Mississippi in December 2012.  On May 19, 2015, Alexander visited the Flowood location to use their pool. After nearly drowning, Alexander was rushed to a hospital, where he spent several days recovering.

¶3.     On May 18, 2018, Alexander filed a complaint against the Metropolitan YMCAs of Mississippi (YMCA)[1] in the Rankin County Circuit Court, alleging that YMCA was negligent because it "failed to have on the premises, a properly trained lifeguard capable of rescuing the Plaintiff in the event the Plaintiff was in distress on the premises" and "failed to rescue Plaintiff within a reasonable time and in time to prevent Plaintiff from ingesting large amounts of impurities from the water thereby requiring said impurities to be pumped out Plaintiff over many hours."

¶4.     YMCA deposed Alexander on June 12, 2020.  The parties also served interrogatories and requests for production and admissions.  Discovery went on for several months before a scheduling order was entered on March 11, 2021.  The order reflected that all experts were to be designated by May 30, 2021, all discovery was to be completed by September 1, 2021, and all dispositive motions were to be filed by October 1, 2021.

¶5.     On July 22, 2021, Alexander and his counsel filed a joint motion for leave to withdraw.  The court granted the motion and allowed Alexander thirty days to secure new

_____

[1] Alexander incorrectly identified the defendant as "Metropolitan Y.M.C.A." in his complaint.

2

counsel. Prior to the order being entered, Alexander was warned that the motion would not stay the scheduling order deadlines. On September 27, 2021, Alexander filed a notice of his appearance to proceed pro se. He also filed a motion to compel discovery and vacate the scheduling order. In the motion, he represented that YMCA's "responses to Plaintiff's good faith discovery efforts are inadequate, incomplete, violative of the M.R.C.P. and in bad faith." Specifically, he claimed that his previous counsel had sent a letter to YMCA in April 2021, highlighting all the deficiencies in YMCA's responses to his interrogatories and requests for production. YMCA's counsel responded to the letter by email and ensured that it would cure those deficiencies; however, Alexander claimed that he never received the promised responses.

¶6. Alexander filed another motion on September 30, 2021, seeking to have the scheduling order stayed so that he could continue his discovery efforts. He argued that he filed the motion to protect the record due to the impending discovery deadline on October 1, 2021. On that day, YMCA filed a motion for summary judgment, arguing that Alexander would not be able to meet his minimal evidentiary burden and establish a genuine issue of material fact. In the memorandum in support of its motion, YMCA argued:

> The Plaintiff's deposition testimony reveals he does not know what occurred during the alleged incident. This matter has been pending more than three (3) years. An adequate amount of time for discovery has passed, and the Plaintiff chose not to depose any of the numerous witnesses identified as being in or around the pool at the time of the alleged incident. At no point in time prior to the subject deadlines passing did the Plaintiff request an extension of those deadlines. At this late stage, the Plaintiff has not met, and cannot meet, his minimal evidentiary burden and has not established any genuine issues of material facts that this Defendant breached any duty to him. Accordingly, Metropolitan YMCA's motion must be granted.

3

On October 12, 2021, Alexander filed a motion to strike YMCA's motion for summary judgment, arguing that the case was not ripe for summary judgment. He also argued that YMCA failed to file with the clerk an "itemization of the facts relied on and not genuinely disputed" as required by Rule 4.02 of the Uniform Civil Rules of Circuit and County Court Practice. That same day, Alexander noticed the motion to compel discovery, the motion to suspend, and the motion to strike for a hearing scheduled for November 10, 2021. YMCA filed a notice to have the motion for summary judgment heard on November 10, 2021, as well.

¶7.    On November 9, 2021, YMCA filed a response to Alexander's motion to compel and to vacate the scheduling order. YMCA pointed out that Alexander incorrectly stated that the discovery deadline was October 1, 2021. YMCA argued that "[a]t no time prior to the actual close of discovery on September 1, 2021, did the Plaintiff file a Motion to Compel, or any other motions, regarding discovery in this matter. Therefore, Plaintiff's current Motion is moot and should be denied." YMCA also filed a response to Alexander's motion to strike. In the response, YMCA argued:

> The Plaintiff claims in his Motion to Strike filed on October 21, 2021, or 20 days after the Motion for Summary Judgment was filed, that Defendant Metropolitan YMCA's Motion for Summary Judgment should be stricken for failure to Comply with Rule 4.02 of the Uniform [Civil] Rules of Circuit and County Court Practice for an alleged failure to include an itemization of undisputed facts. However, the Motion for Summary Judgment filed by Metropolitan YMCA asserts that this case should be dismissed based on the fact that the Plaintiff has completely failed to establish any facts whatsoever that Defendant has any liability to Plaintiff in this matter. It is a "no evidence" motion, and Defendant Metropolitan YMCA cannot state undisputed facts in support of its Motion when the Plaintiff has not established any facts whatsoever in support of his case. Simply put, facts cannot be stated when

4

there are none established.

¶8.     On November 10, 2021, the court heard all four motions.  The court granted Alexander's motion to compel but held that Alexander must provide YMCA with "specific requests for supplementation of its discovery responses no later than November 19."  The court also held that YMCA must respond to those requests no later than November 26, 2021.  The court denied Alexander's motion to suspend the scheduling order.  Additionally, the court ruled that it would hold YMCA's motion for summary judgment and Alexander's motion to strike in abeyance.

¶9.     On February 22, 2022, the court filed an order to appear for a hearing on March 30, 2022.  In the order, the court stated, "The parties, by and through their attorneys of record, should be required to appear and show cause, if any they can, as to why this action should be not set for trial."  YMCA requested to have its motion for summary judgment heard again at this hearing.

¶10.    On March 25, 2022, Alexander filed a second motion to strike YMCA's motion for summary judgment, arguing that YMCA had still not provided the discovery responses and again failed to comply with Rule 4.02.  Alexander requested to have his motion heard on March 30, 2022.  In YMCA's response to the second motion to strike, YMCA asserted that Alexander never provided the specific requests for discovery responses as the court had instructed in the order granting the motion to compel.

¶11.    On April 20, 2022, the court held a hearing on the remaining motions.  The court denied Alexander's motion to strike and motion to compel; however, the court decided to

5

hold the motion for summary judgment in abeyance again to allow Alexander an additional ten days to file a response.

¶12.    On June 22, 2022, the court held a final hearing on the motion for summary judgment. The transcript reveals that Alexander had not filed his response within ten days, as the court had instructed him to during the previous hearing.  Instead, he handed a copy of his response to YMCA's counsel shortly before the hearing began.  The circuit judge remarked:

> I was going to allow you to have as much time as I possibly could, and that's what I've done. I've given you every opportunity in the world to file a response to that motion. I don't see any evidence or anything that's been given to the Court that would produce a genuine issue of fact. And based on that, I don't think I have any alternative but to grant the motion for summary judgment because all I have in front of me today is that original motion and nothing else. So I'm going to grant the motion for summary judgment.

The court subsequently entered an order granting summary judgment in favor of YMCA and dismissing the case with prejudice.  Nevertheless, Alexander filed his response to the motion for summary judgment on June 24, 2022.

¶13.    On July 5, 2022, Alexander filed a motion for reconsideration.  The court denied this motion on September 21, 2022.  Alexander filed a second motion for reconsideration on October 3, 2022.  He also filed a motion to compel discovery on October 18, 2022.  The following day, the court entered an order denying both motions and holding that "[t]he court will not make any further findings or consider any future motions in this case. The dismissal of this matter is final."  Alexander filed a notice of appeal.

¶14.    On December 21, 2023, the Supreme Court issued a deficiency notice because Alexander failed to file his appellant's brief.  The order stated that the brief must be filed

6

within the next fourteen days or Alexander would have to show cause for why sanctions should not be imposed. The fourteen-day period expired on January 4, 2024. Alexander did not file his appellant's brief until January 8, 2024. YMCA moved to dismiss the appeal on February 7, 2024, arguing that Alexander did not file his appellant's brief before the deadline provided. This Court denied the motion to dismiss, holding that there was "good cause to allow Alexander's appeal to continue because he has filed his opening brief and [YMCA] has filed its responsive brief."

¶15. On February 26, 2024, Alexander filed a motion for additional time to file a reply brief, which was granted, but Alexander was warned that "[n]o further extension will be granted unless agreed to by the opposing parties or counsel, and any further requests for an extension of time may be subject to sanctions." Alexander later filed a motion to strike YMCA's appellate brief because it did not include a statement of facts as required by Rule 28(a)(4). On March 6, 2024, this Court denied Alexander's motion, holding that YMCA complied with the rule.

¶16. On March 17, 2024, Alexander filed a motion for reconsideration of the order denying his motion to strike. Alexander conceded that under Mississippi Rule of Appellate Procedure 27(h), a motion for reconsideration was not allowed because none of the exceptions to the rule applied to his circumstances. However, he argued that YMCA "filed in the circuit court a motion for summary judgment which did not include an itemization as required by Rule 4.02 of the Uniform [Civil] Rules of Circuit and County Court [Practice] and did not include a statement of facts with the motion." He also argued that YMCA "has not contended that

7

it has filed a statement of facts in this Court[,] either." On March 23, 2024, this court denied the motion, holding again that YMCA complied with the requirements of Mississippi Rule of Appellate Procedure 28(c). We also noted that Alexander "did not previously seek to strike Metropolitan's brief based on the content of its motion for summary judgment."

¶17. On May 31, Alexander filed a motion for leave to file a corrected appellant's brief and record excerpts, which we denied on June 11, 2024, after YMCA filed a response. In the order, we reasoned that Alexander failed to provide a copy of a proposed corrected brief, did not explain how his initial brief failed to comply with Rule 28, and did not provide a reason for why he should be allowed to correct his brief "more than four months after he filed it and two months after the briefing schedule ended." On June 25, 2024, Alexander filed a motion for reconsideration of the order denying his motion for leave to file a corrected appellant's brief and record excerpts, and he attached a copy of his proposed corrected brief. His proposed fifty-four-page brief contained issues not assigned in his seven-page appellate brief, *see supra* ¶14, and we denied the June 25 motion for failure to show good cause to raise additional substantive issues on appeal more than two months after our briefing deadline.

**STANDARD OF REVIEW**

¶18. "The grant or denial of a summary judgment motion is reviewed de novo." *Byram Cafe Grp. LLC v. Tucker*, 344 So. 3d 844, 846 (¶13) (Miss. 2022) (quoting *Stribling Inv. LLC v. Mike Rozier Constr. Co.*, 189 So. 3d 1216, 1219 (¶10) (Miss. 2016)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact

8

and that the moving party is entitled to judgment as a matter of law[.]" *Id.* (quoting M.R.C.P. 56(c)). "While evidence is viewed in the light most favorable to the nonmoving party, there must be a material fact issue to preclude summary judgment." *Id.* (quoting *Peak v. Cohee*, 294 So. 3d 604, 607 (¶10) (Miss. 2020)).

## DISCUSSION

¶19. Alexander asserts one issue on appeal. He argues that the circuit court erroneously granted summary judgment while discovery and his motion to strike were still pending. As the moving party, YMCA "bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, [it] is entitled to judgment as a matter of law." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶11) (Miss. 2013) (quoting *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1355 (Miss. 1990)). Alexander, meanwhile, "carries the burden of producing sufficient evidence of the essential elements of [his] claim at the summary-judgment stage, as [he] would carry the burden of production at trial." *Id.* at 89 (¶13). Here, Alexander "must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages." *Huynh v. Phillips*, 95 So. 3d 1259, 1262 (¶10) (Miss. 2012).

¶20. YMCA met its initial burden of persuading the court that no genuine issue of material fact existed and that it was entitled to summary judgment. During the discovery period, YMCA deposed Alexander. His deposition testimony reveals that he did not recall the event, he was unaware if a trained lifeguard was present at the pool while he was drowning, and he was unaware of who pulled him out of the pool:

9

Q. What happened next to your recollection?

A. From my recollection, I realized that I was attempting -- that I was sinking and that I was unable to recover, and I thought that if I held my breath and went under I might be able to recover, but I did try that and was unable to. I did not think about trying to tread water or if I did I haven't been very successful with it.

Q. Do you recall when you were under water whether you had your eyes open or not?

A. Ordinarily when I'm under water I do not have my eyes open. You want this back?

Q. Sure. What happened next in your recollection?

A. Well, the next thing I recall is that I lost consciousness.

Q. Do you remember actually losing consciousness or beginning to?

A. I remember a distinct feeling that I was about to drown and that I could not recover.

Q. Do you recall making any kind of effort whatsoever to resurface to get a breath?

A. I think I told you all the efforts that I could make, that I felt that I made.

Q. Okay. Do you recall trying to put your feet on the bottom and push up to where you could get a breath?

A. No.

Q. What is the next thing you remember after --

A. After I lost consciousness?

Q. -- after you lost consciousness?

A. Waking up in the hospital the next day.

Q. So you don't recall anything else --

A. No.

Q. -- at the facility?

A. No.

. . . .

Q. Is it fair to say you don't know who it was who actually got you out of the pool?

A. Only based upon information that the Y has provided to me in discovery.

Q. Right. So to your personal recollection you don't know who actually lifted you --

A. No.

Q. -- from the pool?

A. No.

Q. Or how many people?

A. No.

Q. Have you ever been told by anyone that other swimmers in the pool with you were actually trained lifeguards?

A. . . . You're asking me if anyone has ever told me that there were swimmers in the pool with me who were some trained -- no. No one has told me that.

This testimony tended to prove that there was no genuine issue of material fact as to breach and causation, two of the essential elements in Alexander's negligence claim.

¶21.    After YMCA met its initial burden, Alexander was required to produce evidence to establish the elements of negligence, as he would carry the burden of proof at trial. *Byram Cafe Grp.*, 344 So. 3d at 847 (¶15). Alexander did not designate any experts nor conduct any

11

depositions to develop his claim. The only other evidence in the record to establish his claim was his pleadings. "Under Mississippi law, bare assertions are simply not enough to avoid summary judgment. The non-movant may not rest upon allegations or denials in his pleadings." *Ala. Great S. R. Co. v. Jobes*, 156 So. 3d 871, 879 (¶21) (Miss. 2015) (quoting *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996)). "If the party opposing the motion is to avoid entry of an adverse judgment, he or she must bring forth evidence which is legally sufficient to make apparent the existence of triable fact issues." *Id*. (quoting *Sligh v. First Nat'l Bank of Holmes Co.*, 735 So. 2d 963, 965-66 (¶7) (Miss. 1999)). Alexander simply failed to provide any evidence that would have allowed him to survive summary judgment.

¶22. Contrary to what Alexander asserts, the record reveals that the discovery deadline had already passed when YMCA moved for summary judgment. Prior to the discovery deadline, Alexander did not file any motions to compel or make the court aware of any discovery issues. The record also reveals that the circuit court denied Alexander's motion to strike after previously holding it in abeyance to allow Alexander an opportunity to obtain more detailed discovery responses and an opportunity to file a response to the motion for summary judgment. Despite the court's indulgence, Alexander never provided YMCA with the specific requests, and he filed his response to the motion for summary judgment two days after the court dismissed the case with prejudice. Thus, the contention that summary judgment was granted while discovery and the motion to strike were still pending is unfounded.

¶23. Alexander had over three years to conduct discovery. After failing to do so prior to

the discovery deadline, the circuit court still gave him ample opportunities to try to develop his claim before granting YMCA's motion for summary judgment. With virtually no evidence in the record, we find that it was proper for the court to grant the motion for summary judgment.

## CONCLUSION

¶24. After a review of the record, it is clear that Alexander's claim is without merit. Alexander failed to meet his burden of production and provide the court with sufficient evidence to establish a genuine issue of material fact. In fact, he failed to provide any evidence at all to establish his claim. Thus, we affirm the judgment of the circuit court.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. McDONALD AND EMFINGER, JJ., NOT PARTICIPATING.**